**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **THE STATE OF OHIO, ex rel.** | : | |
| **DAVE YOST** | : | |
| **OHIO ATTORNEY GENERAL** | : | **Case No. _____** |
| **Environmental Enforcement Section** | : | |
| **30 East Broad Street, 25th Floor** | : | **Judge _____** |
| **Columbus, Ohio 43215** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NORFOLK SOUTHERN CORPORATION** | : | |
| **c/o J. Steven Stewart** | : | |
| **650 W. Peachtree Street NW** | : | **COMPLAINT WITH** |
| **Atlanta, Georgia 30308** | : | **JURY DEMAND** |
| | : | |
| **and** | : | |
| | : | |
| **NORFOLK SOUTHERN RAILWAY** | : | |
| **COMPANY** | : | |
| **c/o Corporation Service Company** | : | |
| **3366 Riverside Drive, Suite 103** | : | |
| **Upper Arlington, Ohio 43221** | : | |
| | : | |
| **Defendants.** | : | |

The State of Ohio, by its Attorney General Dave Yost ("Plaintiff" or "Ohio" or "State"),

brings this action against Defendants Norfolk Southern Corporation and Norfolk Southern Railway

Company (collectively, "Defendants" or "Norfolk Southern") for civil penalties, damages to Ohio,

including compensatory and punitive damages, recoverable at law or in equity, and for declaratory

and injunctive relief, to remedy Defendants' violations of law, and alleges as follows:

## Introduction and Nature of the Action

1.     On the evening of February 3, 2023, Norfolk Southern train 32N derailed in East Palestine, Columbiana County, Ohio (the "Derailment"), resulting in the release of over one million gallons of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants into Ohio's air, streams, rivers, soil, and groundwater, killing tens of thousands of fish and other animals, and recklessly endangering the health of Ohioans throughout the region.

2.     The Derailment was just one in a long string of Norfolk Southern train derailments, hazmat incidents/community evacuations, and releases of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants into the environment.  As detailed herein, Norfolk Southern's accident rate has nearly doubled in the past 10 years, and at least 20 of those derailments since 2015 have involved chemical releases.  The Derailment was entirely avoidable and the direct result of Norfolk Southern's practice of putting its own profits above the health, safety, and welfare of the communities in which Norfolk Southern operates.

3.     Accordingly, the State of Ohio brings this civil action to recover response costs, redress damages to natural resources, and receive an order for injunctive relief, civil penalties, and damages, on relation of Ohio Attorney General Dave Yost, at the request of the Director of the Ohio Environmental Protection Agency ("Ohio EPA").

4.     The State seeks a declaratory judgment and reimbursement for its response costs incurred and to be incurred from Defendants as a result of wastes disposed of at the Derailment location, the surrounding area, and beyond.  This relief is sought pursuant to 42 U.S.C. § 9601 *et seq*.

5.     The Ohio Attorney General, on behalf of and at the request of the Director of Ohio EPA who is the trustee of the State's natural resources under 42 U.S.C. § 9607(f)(2)(B), seeks an

order for Defendants to redress damages to the State's natural resources for which Defendants are liable under 42 U.S.C. § 9607.

6.     The State seeks injunctive relief pursuant to Ohio Rev. Code Chapters 3704, 3734, 3767, and 6111 enjoining Defendants to perform remediation at the Derailment location, the surrounding area, and beyond.  The State does not seek an injunction requiring remedial action inconsistent with applicable U.S. EPA administrative orders, consent decrees, or settlements.

7.     The State seeks civil penalties pursuant to Ohio Rev. Code §§ 3704.06, 3734.13(C), and 6111.09(A).

8.     The State seeks reimbursement of Ohio EPA's response costs incurred and to be incurred to abate harm to the environment at the Derailment location, the surrounding area, and beyond pursuant to Ohio Rev. Code § 3745.12.

9.     The State seeks, pursuant to Ohio common law, damages under common law negligence, injunctive relief and damages under common law nuisance, and damages under common law trespass for the contamination Defendants have caused at the Derailment location, the surrounding area, and beyond.  Pursuant to its common law claims, the State does not seek double recovery of remedies or relief actually awarded pursuant to CERCLA.

## The Parties

10.     The State of Ohio is the owner in trust of public lands, waters, and resources within its political boundaries and has a duty to protect and preserve those natural resources.  The State also works to protect the health, safety, and welfare of the citizens of Ohio.  Ohio brings this action to redress the Derailment and the resulting contamination of Ohio's natural resources, which has caused significant damage and poses a significant ongoing threat to Ohio's natural resources and the citizens of Ohio.

11.     Plaintiff, the State of Ohio, brings this action by and through Ohio Attorney General Dave Yost, at the written request of the Director of the Ohio EPA.  By virtue of his office, Attorney General Yost is the chief legal officer for the State of Ohio.  The Director of Ohio EPA is charged under Ohio law with the responsibility of protecting the air, lands, and waters located within the State's boundaries from pollution, degradation, and contamination.  The State holds natural resources within its political boundaries, including air, lands, and waters of Ohio, in trust for the benefit of its citizens.  As trustee of these natural resources, the State has been injured by the pollution of these resources with the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants released at the Derailment location, the surrounding area, and beyond.  Ohio works to safeguard the health, safety, and welfare of the citizens of Ohio and owes a duty to its citizens to protect and preserve natural resources located within its boundaries.

12.     Pursuant to 42 U.S.C. § 9607(f)(2)(B), the Governor of each State shall designate State officials to act on behalf of the public as trustees for natural resources and such State official shall assess damages to natural resources under CERCLA.  The Governor of Ohio has designated Ohio EPA as trustee for natural resources in the State of Ohio, including those at issue in this case.

13.     The State of Ohio, by its Attorney General Dave Yost, brings this suit pursuant to its inherent *parens patriae* authority to remedy injury to its "quasi-sovereign interests" in the physical and economic health and well-being of a substantial segment of its population and the protection of its natural resources.

14.     Ohio enjoys *parens patriae* standing in this suit because the Derailment and the Defendants' subsequent release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants into the surrounding environment have adversely affected the health and wellbeing of Ohio residents and contaminated Ohio's natural resources.

4

15.     Norfolk Southern Corporation is a publicly traded corporation organized and existing under the laws of the commonwealth of Virginia with its principal place of business at 650 West Peachtree Street, NW, Atlanta, Georgia 30308.  Norfolk Southern Corporation owns a major freight railroad and regularly runs railroad equipment, hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants, and other products through Ohio and other states in the Southeast, East, and Midwestern United States including through Ohio. Norfolk Southern Corporation and its subsidiaries operate the most extensive intermodal network in the Eastern United States.

16.     Norfolk Southern Railway Company is a Class I railroad and is the wholly-owned, principal operating subsidiary of Norfolk Southern Corporation.  Norfolk Southern Railway Company is a corporation organized and existing under the laws of the commonwealth of Virginia and registered to do business in the State of Ohio.  Norfolk Southern Railway Company operates in 22 states and the District of Columbia and operates over 16,000 route miles and serves every major container port in the Eastern United States.

17.     Upon information and belief, Norfolk Southern Corporation dominates and controls Norfolk Southern Railway Company, has established management, financial, operational, and safety standards and parameters for the operations of Norfolk Southern Railway Company, and is directly involved in the circumstances alleged herein with respect to one or more of the following: (i) overseeing, implementing, creating, or approving, relevant operating and safety standards for the operation of train 32N; (ii) managing, directing, or controlling operations having to do with Norfolk Southern Railway Company's transport and/or disposal of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants; (iii) managing, directing, or otherwise participating in decisions regarding compliance with (or lobbying against)

5

environmental and/or railroad safety regulations, policies and procedures; and/or (iv) managing, directing, or controlling the emergency response to the Derailment and the release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants at and around the Derailment location.

18.     Collectively, Norfolk Southern Corporation and Norfolk Southern Railway Company owned and/or operated the train that derailed in Columbiana County, Ohio and the railroad on which the Derailment occurred.

### Norfolk Southern's Decades-Long Pattern of Derailments and Toxic Releases

19.     Norfolk Southern has an extensive and tragic history of derailments and releases of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants into the communities within which it operates, including several events causing injury and death to crew and local citizens, widespread fish kills, and substantial property damage.  The Derailment in East Palestine, Ohio was both foreseeable and preventable.  Norfolk Southern's own record demonstrates that it knew – and should have taken appropriate steps to prevent – the significant harm that the Derailment would cause the State.

20.     For example, in 2005, a crew failure on Norfolk Southern Train P22 resulted in a derailment in Graniteville, South Carolina, releasing tons of poisonous chlorine gas and thousands of gallons of diesel fuel.  The disaster killed nine people, injured 554 others, and forced 5,400 people to evacuate their homes for several days.  The derailment resulted in widespread property destruction and wildlife kills.

21.     The following year, in 2006, a collision between two Norfolk Southern trains injured three crewmembers and caused millions of dollars in property damage due to the resulting release of sodium cyanide, necessitating the evacuation of hundreds of people in Lincoln,

Alabama. The same year, in Keating, Pennsylvania, a Norfolk Southern derailment spilled 42,000 gallons of sodium hydroxide and caused major fish kills in several water bodies. That derailment was caused by the crew's failure to follow train handling and airbrake instructions, combined with excessive speed. Six months later, in New Brighton, Pennsylvania, a Norfolk Southern derailment caused by inadequate rail inspection spilled 485,278 gallons of ethanol partially into the Beaver River.

22.     In the last ten years, Norfolk Southern's accident rate increased by 80 percent, according to a reported analysis of Federal Railroad Administration data. And at least twenty Norfolk Southern derailments since 2015 have involved chemical releases.

23.     Norfolk Southern also has recently had numerous derailments involving faulty wheel bearings. In July 2022, Norfolk Southern was responsible for a train derailment in Warner Robbins, Georgia, carrying sulfur. The derailment occurred after the crew was instructed to continue train movement despite indication of a defective, leaking journal bearing. The bearing was not inspected by mechanical personnel or set out for repair before it was added to another train, leading to the derailment. In October 2022, a Norfolk Southern freight train derailed on an overpass in Sandusky, Ohio, due to a burnt journal bearing. Approximately 1,200 residents were left without power, and liquid paraffin wax was spilled from the train into the city's sewer system and hardened.

24.     The Sandusky, Ohio accident was referenced in an FRA Safety Advisory[1] posted on February 28, 2023, that states that since 2021, at least five derailments, three of which occurred on Norfolk Southern's railways, were suspected of being caused by burnt journal bearings.

---

[1] Safety Advisory 2023-01*; Evaluation of Policies and Procedures Related to the Use and Maintenance of Hot Bearing Wayside Detectors,* 4910-06-P, Federal Railroad Administration, Department of Transportation (posted for publication on Feb. 28, 2023).

25.     On March 4, 2023, another Norfolk Southern derailment caused 28 railcars to skid off the tracks in Springfield, Ohio.  The local impact was immediate, prompting a precautionary measure for residents adjacent to the tracks to shelter in place, shutting down a four-lane state highway for several days, and leaving residents without power.

26.     On March 9, 2023, Norfolk Southern had yet another derailment, this one in Calhoun County, Alabama involving 30 railcars.  It occurred a few hours before Norfolk Southern's CEO admitted in his testimony before Congress about the East Palestine derailment, "yet it is clear that safety mechanisms in place were not enough."

27.     Given this history, Norfolk Southern should have taken, but did not, appropriate steps to prevent the Derailment and resulting harm to the State, and at a minimum Norfolk Southern should have been prepared to adequately respond to the Derailment and mitigate damage immediately after the Derailment.

**The East Palestine Derailment**

28.     On February 3, 2023, at approximately 8:54 p.m., the Norfolk Southern train 32N derailment occurred on main track 1 of the Norfolk Southern Fort Wayne Line of the Keystone Division near the North Pleasant Drive Crossing in East Palestine, Columbiana County, Ohio less than a mile from the Pennsylvania border.

29.     The Derailment occurred within a mixed-use residential, commercial, and industrial area of East Palestine, Columbiana County, Ohio.  The nearest residences are located less than 1,000 feet from the Derailment.  Additional residential properties are located along local waterways that became contaminated with hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants as a result of the Derailment.

30.    Upon information and belief, general merchandise freight train 32N consisted of approximately 149 cars and was operated by Norfolk Southern.

31.    Upon information and belief, a wheel bearing on railcar 23 and/or one or more of the other railcars overheated, was defective, or otherwise malfunctioned, causing the Derailment.

32.    Upon information and belief, Norfolk Southern equipped the Fort Wayne Line of the Keystone Division with certain hot bearing detectors ("HBD") that, when appropriately installed, maintained, operated, and monitored, are capable of assessing and reporting the temperature of railcar equipment and transmitting real-time warnings to crew members of a train if necessary while en route.  There were HBDs on Norfolk Southern's Fort Wayne Line of the Keystone Division prior to the Derailment.

33.    Upon information and belief, Train 32N traveled past three or more HBD systems prior to the Derailment.  The HBD at milepost 79.9 recorded a temperature of 38 degrees above ambient temperature of the suspected wheel bearing on railcar 23; the HBD at milepost 69.01 recorded 103 degrees above ambient temperature, and the HBD at milepost 49.81 recorded 253 degrees above ambient temperature.

34.    Upon information and belief, one or more of the railcars caught fire at least 20 miles west of East Palestine, Ohio in Salem, Ohio prior to the Derailment.

35.    Upon information and belief, surveillance video from a residence near East Palestine, Ohio recorded an overheated and/or failed wheel bearing before the Derailment.

36.    Upon information and belief, before the Derailment, the crew of the train was also alerted by an audible alarm warning from the HBD at milepost 49.81 of a mechanical issue or failure.

37.     Upon information and belief, the alarm warning instructed the crew of train 32N to slow and stop the train to inspect a hot axle.  Upon information and belief, train 32N's engineer increased application of dynamic braking following the alarm.  During this deceleration, an emergency braking application also engaged and train 32N came to a stop.

38.     Upon information and belief, fire and smoke were observed emanating from railcar 23 immediately following the Derailment.

### The Resulting Releases of Multiple Hazardous Substances into Ohio

39.     The Derailment resulted in a fire that burned for at least four days.  Ohio EPA deployed emergency response personnel to the Derailment as part of its effort to abate and prevent harm to human health and the environment.

40.     The Derailment caused the release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants into the air in Columbiana County and dispersed them across the surface waters and lands of Ohio.

41.     Thirty-eight railcars derailed, including 11 tank cars containing hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants, including but not limited to vinyl chloride, butyl acrylate, ethylene glycol monobutyl ether, ethylhexyl acrylate, isobutylene, and petroleum lube oil.  These hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants subsequently ignited and damaged an additional 12 railcars.

42.      Five railcars near railcar 23 were carrying vinyl chloride: railcars 26, 27, 28, 29, and 53, with railcar identification numbers TILX 402025, OCPX 80235, OCPX 80179, GATX 95098 and OCPX 80370.

43.     Vinyl chloride is a hazardous waste and/or hazardous substance.  Vinyl chloride is a known human carcinogen according to the Department of Health and Human Services, the International Agency for Research or Cancer, and the United States Environmental Protection Agency ("U.S. EPA").  Breathing high to very high levels of vinyl chloride may cause dizziness, sleepiness, fainting, or death.  Chronic inhalation may cause changes in liver structure or liver cancer.  Dermal exposure to vinyl chloride may cause numbness, redness, and blisters.  Exposure to vinyl chloride during pregnancy may affect the growth and development of a fetus.  Vinyl chloride is mobile in soil and can migrate to groundwater.

44.     Upon information and belief, vinyl chloride contained in train 32N's railcars exceeded 877,000 pounds.

45.     Upon information and belief, a controlled release and burn of vinyl chloride from at least five railcars was initiated on February 6, 2023 after monitoring revealed sharply rising temperatures in one or more of the tank cars containing vinyl chloride.

46.     The five railcars containing vinyl chloride were intentionally breached, and the vinyl chloride was burned.

47.     Nearby residents reported that smoke from the fire was observed in the air above the State of Ohio and the Commonwealth of Pennsylvania.

48.     Upon information and belief, a trench was excavated to collect and burn vinyl chloride released from the cars, the location of which is close to or within the source water protection area for a nearby non-community water system.

49.     Upon information and belief, the controlled burn of vinyl chloride led to the release of additional hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants.  Burning vinyl chloride produces phosgene gas, which was used as a chemical weapon

in World War I.  Exposure to phosgene may cause eye and throat irritation while higher amounts may cause severe lung damage that may lead to death.  Dermal contact with phosgene may result in chemical burns or cause frostbite.

50.     Burning vinyl chloride also produces hydrogen chloride which is irritating and corrosive to any tissue it contacts and may cause severe burns of the eyes and skin.  Brief exposure to low levels of hydrogen chloride cause throat irritation, while higher exposure levels may result in rapid breathing, narrowing of the bronchioles, blue coloring of the skin, accumulation of fluid in the lungs, swelling and spasm of the throat, suffocation, and even death.

51.     In addition, burning vinyl chloride may have caused the formation of dioxins, compounds that form through combustion processes.  Dioxins are highly toxic and carcinogenic, and extremely persistent in the environment.

52.     Butyl acrylate, ethylene glycol monobutyl ether, ethylhexyl acrylate, and isobutylene are hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants.

53.     Butyl acrylate may irritate the nose, throat, and lungs.  Inhalation may cause headaches, dizziness, nausea, and vomiting.  Dermal contact with butyl acrylate may also cause a skin allergy.

54.     Exposure to ethylene glycol monobutyl ether may occur through inhalation, ingestion, or dermal contact.  Exposure may lead to irritation of the nose and throat, headache, dizziness, lightheadedness, and passing out.  It may also cause nausea, vomiting, diarrhea, and abdominal pain.  Exposure may damage the liver and kidneys.

55.     Acute exposure to isobutylene may lead to irritation of the eyes, nose, and throat. Dermal contact with isobutylene may cause frostbite, headache, dizziness, lightheadedness, and

12

fatigue.  Exposure to higher levels of isobutylene may cause coma and death.  Chronic exposure to isobutylene may cause cancer, reproductive hazards, and may lead to other long-term health effects.

56.    In addition, other hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants may have been released or generated as a result of the Derailment and Norfolk Southern's response thereto.

57.    Upon information and belief, citizens from surrounding counties including Mahoning and Trumbull, reported chemical odors and haze following the controlled release and burn of vinyl chloride at the Derailment.  Reports of chemical odors were reported up to four miles from the Derailment.

58.    Upon information and belief, hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants including but not limited to hydrogen chloride were detected in the area at least two miles from the Derailment.

**The Widespread Effects on Ohio's Citizens and Natural Resources**

59.    The Derailment resulted in an untold volume of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants to be released into the air and water and onto the ground.

60.    The hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants released during the Derailment pose a threat to human health and the environment.  Impacted populations include but are not limited to:  human residents, human workers, wildlife including fish and the Eastern Hellbender salamander, domesticated pets, farm animals, and nearby agricultural areas supplying food to humans and animals.

13

61.     Tens of thousands of aquatic animals including but not limited to small suckers, minnows, darters and sculpin, were killed as a result of the contamination from the Derailment, in Sulphur Run, Leslie Run, Bull Creek, and a portion of the North Fork of Beaver Creek. Additionally, there are myriad public reports of dead animals and pets – including dogs and horses – across the region as a result of Norfolk Southern's actions

62.     In addition, portions of the affected waterways are habitat for the Eastern Hellbender salamander, which the Ohio Department of Natural Resources ("ODNR") has designated as an endangered species because it is threatened with extirpation from the State. Eastern Hellbenders are susceptible to poor water quality and excessive steam siltation. ODNR previously stocked approximately 2,500 Eastern Hellbender salamanders in the area.

63.     Shortly after the Derailment, a shelter-in-place order was recommended. However, nearby residents living within a one-mile, and ultimately a two-mile radius of the Derailment were later advised and then ordered to evacuate from at least February 4, 2023 through February 8, 2023.

64.     Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants released during the Derailment may cause a myriad of health problems to humans and animals, including but not limited to headaches, dizziness, nausea, cancer, and harm to the nervous system.

65.     The nearest public well is located approximately one mile from the Derailment.

66.     A ditch located to the south of main track 1 flows west for approximately 1,000 feet before it empties into Sulphur Run, which joins to Leslie Run, which flows to Bull Creek, then to North Fork Little Beaver Creek, into Little Beaver Creek, before emptying into the Ohio River, all of which are waters of the State of Ohio.

67.     Wetlands and State Line Lake, also waters of the state, are located immediately northeast of the Derailment.

68.     Upon information and belief, elevated levels of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants have been detected in and around the Derailment, including but not limited to Sulphur Run, Leslie Run, Bull Creek, North Fork Little Beaver Creek, and/or Little Beaver Creek.

69.     The hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants were released on the ground, into stormwater infrastructure, and into surface waters, including but not limited to Sulfur Run and Leslie Run, which both empty to Little Beaver Creek and ultimately the Ohio River.  Water quality sampling has shown butyl acylate and ethylhexyl acrylate in Leslie Run, and ethylhexyl acrylate in North Fork Little Beaver Creek.

70.     According to U.S. EPA, materials released during the Derailment were observed and detected in samples taken from Sulphur Run, Leslie Run, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and the Ohio River.  In addition, contaminated soil and free liquid were observed following the Derailment.

71.     Upon information and belief, as of February 21, 2023, visible impact to sediment extended approximately six miles downstream from the Derailment in the Ohio River.

72.     Upon information and belief, on or about February 7, 2023, butyl acrylate was detected in the Ohio River as far downstream as Steubenville, Ohio, which is 25.7 river miles downstream of the Little Beaver Creek joinder.

73.     Upon information and belief, on or about February 9, 2023, butyl acrylate was detected in the Ohio River as far downstream as Wheeling, West Virginia, which is downstream from the Little Beaver Creek joinder.

15

74. Upon information and belief, on or about February 19, 2023, trace levels of ethylhexanol were detected in the Ohio River near Cincinnati.

75. Upon information and belief, acrylate odors were noted and reported by responders along Sulphur Run, Leslie Run, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek during sampling and containment activities.

76. Upon information and belief, acrylate odors were also reported by responders following indoor air monitoring in the area around the Derailment.

77. The Derailment has caused substantial damage to the regional economy of the State of Ohio, its citizens, and its businesses. The citizens of the region have been displaced, their lives interrupted, and their businesses shuttered. Farmers cannot sell their produce, tourists will not visit the area, and the business activity in the region has ground to a halt. The stigma and economic impacts on the region will be felt for years to come. The people and businesses of Ohio, and the State itself, have lost substantial economic activity, business income, taxes, and fees as a direct and unavoidable consequence of Norfolk Southern's conduct and the Derailment. The State of Ohio is entitled to recover, and hereby seeks, the lost taxes and other economic consequences suffered by the State.

**Ohio's Public Trust**

78. Ohio asserts its claims in its capacity as trustee of a public trust.

79. Ohio is the trustee of a public trust, the corpus of which comprises all public natural resources within the State of Ohio, including all public waters, soils, lands, submerged lands, wildlife, and biota.

80. In its capacity as trustee, Ohio holds all waters, soil, lands, submerged lands,

16

wildlife, and biota in trust for the benefit of all Ohioans.  Ohio public trust law affords protection to natural resources as far as necessary to accommodate the public uses to which they might be adapted.

81.     As trustee, Ohio has a fiduciary obligation to bring suit not only to protect the corpus of the trust property but also to recoup the public's loss occasioned by the negligent acts of those who damage or destroy such property.

82.     Ohio law affords the State, through its Attorney General, the right to bring an action under the public trust doctrine against those whose conduct damages or destroys public trust property.

83.     Defendants knew that train 32N contained numerous hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants.

84.     Defendants knew that the release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants into the environment would result in the contamination of Ohio's public natural resources, including waterways, waterbodies, aquifers, ground water, surface water, soils, sediments, fish and animal tissue, and biota.

85.     Defendants failed to adequately prevent the Derailment, prevent the release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants, and protect Ohio's natural resources.

86.     Defendants' conduct and the Derailment have resulted in injury to Ohio's public natural resources, including those natural resources identified in this Complaint.

87.     Defendants' conduct and the Derailment have resulted in the public's loss of use of Ohio's natural resources, including those natural resources identified in this Complaint.

88. Defendants' conduct and the Derailment have resulted in the degradation or elimination of health, ecological, and other beneficial uses of Ohio's natural resources, including those natural resources identified in this Complaint.

89. Defendants' conduct and the Derailment have resulted in conditions that are injurious to human, animal, and environmental health.

90. Ohio suffered and continues to suffer damage from Defendants' conduct and the Derailment, including but not limited to: (a) costs to assess, investigate, monitor, analyze, and remove hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants that have invaded public natural resources; (b) costs to prevent injury to additional public natural resources; (c) costs to restore Ohio's natural resources to their pre-Derailment condition or to replace those resources that are lost forever; (d) costs undertaken by Ohio to protect the public; (e) all costs of increased public services undertaken in response to or as a result of the Derailment; (f) costs and damages necessary to compensate the public for the loss of use of Ohio's natural resources until they are restored or replaced; (g) damages to the regional economy and economic impacts on the State of Ohio; and (h) damages to state-owned properties, parks, lands, and rights.

91. As a direct and proximate result of Defendants' conduct and the Derailment, Ohio's public natural resources have been injured, and their beneficial uses have been degraded or eliminated.

92. As a further direct and proximate result of Defendants' conduct and the Derailment, Ohio, in its capacity as trustee over its public natural resources, has suffered and continues to suffer monetary losses in amounts to be proven at trial.

93.     Defendants are strictly, jointly, and severally liable for all such damages, and the State is entitled to recover all such damages and other relief as set forth below.

## Jurisdiction and Venue

94.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 9613(b) (CERCLA), and 28 U.S.C. § 2201 (declaratory judgment).  The Court has jurisdiction over the State's claims under Ohio law pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).  The State seeks damages in excess of $75,000.

95.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) and Local Rule 3.8.

## General Allegations

### *CERCLA*

96.     "CERCLA" is the Comprehensive Environmental Response, Compensation, and Liability Act as set forth in 42 U.S.C. § 9601 *et seq*.

97.     "National Contingency Plan" is the National Oil and Hazardous Substances Pollution Contingency Plan as set forth in 40 CFR Parts 300-311, 355, and 373.

98.     "Hazardous substances" as defined in 42 U.S.C. § 9601(14) were disposed at the Derailment location resulting in contamination in the surrounding environment and beyond.  These hazardous substances include at least vinyl chloride.

99.     The disposal of hazardous substances as a result of the Derailment and subsequent response activities constitute a "release" as defined in 42 U.S.C. § 9601(22), and there remains an ongoing threat of continuing releases of hazardous substances into the environment from the Derailment.

100. The Derailment location, the surrounding area, and beyond where hazardous substances were disposed is a "facility" as defined in 42 U.S.C. § 9601(9).

101. Defendant Norfolk Southern Corporation is a "person" as defined in 42 U.S.C. § 9601(21).

102. Defendant Norfolk Southern Corporation is an "owner or operator" as defined in 42 U.S.C. § 9607(A)(2) and 42 U.S.C. § 9601(20)(B).

103. Defendant Norfolk Southern Corporation is an "arranger" as defined in 42 U.S.C. § 9607(A)(3).

104. Defendant Norfolk Southern Railway Company is a "person" as defined in 42 U.S.C. § 9601(21).

105. Defendant Norfolk Southern Railway Company is an "owner or operator" as defined in 42 U.S.C. § 9607(A)(2) and 42 U.S.C. § 9601(20)(B).

106. Defendant Norfolk Southern Railway Corporation is an "arranger" as defined in 42 U.S.C. § 9607(A)(3).

107. The State of Ohio has incurred, and continues to incur, costs of response, as that term is defined in 42 U.S.C. § 9601(25), in connection with the Derailment.

### *Ohio's Hazardous Waste Law*

108. Ohio Rev. Code § 3734.11(A) states that no person shall violate any section of Ohio Rev. Code Chapter 3734 or any rule adopted under that chapter.

109. Defendant Norfolk Southern Corporation is a "person" as defined by Ohio Rev. Code §§ 1.59, 3734.01(G) and Ohio Admin. Code 3745-50-10(P)(6).

20

110.    Defendant Norfolk Southern Corporation is an "operator" of a hazardous waste facility, as that term is defined in Ohio Admin. Code 3745-50-10(O)(5). An "operator" means the person responsible for the overall operation of the facility.

111.    Defendant Norfolk Southern Railway Company is a "person" as defined by Ohio Rev. Code §§ 1.59, 3734.01(G), and Ohio Admin. Code 3745-50-10(P)(6).

112.    Defendant Norfolk Southern Railway Company is an "operator" of a hazardous waste facility, as that term is defined in Ohio Admin. Code 3745-50-10(O)(5). An "operator" means the person responsible for the overall operation of the facility.

113.    The wastes disposed of at the Derailment location and its surrounding area are "wastes" as defined in Ohio Admin. Code 3745-51-02.

114.    Defendants disposed of hazardous waste as defined in Ohio Rev. Code § 3734.01(J) and Ohio Admin. Code 3745-50-10(H)(2) and 3745-51-03, including but not limited to, vinyl chloride, a listed hazardous waste (U043) as defined in Ohio Admin. Code 3745-51-33, and characteristic for toxicity (D043) as defined in Ohio Admin. Code 3745-51-24.

115.    Defendants are engaged in the "disposal" of hazardous waste, as that term is defined in Ohio Rev. Code § 3734.01(F) and Ohio Admin. Code 3745-50-10(D)(7) at the Derailment location, the surrounding area, and beyond. "Disposal" means the discharge, deposit, injection, dumping, spilling, leaking, emitting, or placing of any solid wastes or hazardous waste into or on any land or ground or surface water or into the air.

116.    At all times relevant to this Complaint, Defendants' actions as described in this Complaint have constituted operation of a "facility" or "hazardous waste facility," as those terms are defined in Ohio Admin. Code 3745-50-10(F)(1). A hazardous waste facility includes all

contiguous land, structures, other appurtenances, and improvements on the land used for treating, storing, or disposing of hazardous waste.

### Ohio's Water Pollution Law

117.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial wastes or other wastes in a location where they cause pollution to any waters of the state" unless that person holds a valid, unexpired permit to do so.  Such an action constitutes "a public nuisance" under Ohio Rev. Code § 6111.04(A)(2).

118.    Defendants are "persons" as that term is defined in Ohio Rev. Code § 6111.01(I).

119.    "Pollution," as defined in Ohio Rev. Code § 6111.01(A), includes, but is not limited to, the placing of "industrial waste" or "other wastes" in any "waters of the state."

120.    "Waters of the state," as defined in Ohio Rev. Code § 6111.01(H), means "all streams, lakes, ponds, marshes, watercourses, waterways, wells, springs, irrigation systems, drainage systems, and other bodies or accumulations of water, surface and underground, natural or artificial, regardless of the depth of the strata in which underground water is located, that are situated wholly or partly within, or border upon, this state, or are within its jurisdiction, except those private waters that do not combine or effect a junction with natural surface or underground waters.  'Waters of the state' does not include an ephemeral feature for which the United States army corps of engineers lacks the authority to issue a permit under 33 U.S.C. 1344."

121.    "Industrial waste," as defined in Ohio Rev. Code § 6111.01(C), means "any liquid, gaseous, or solid waste substance resulting from any process of industry, manufacture, trade, or business, or from the development, processing, or recovery of any natural resource."

122. "Other wastes" as defined in Ohio Rev. Code § 6111.01(D), includes, but is not limited to, oil or industrial waste, and any other "pollutants" as defined in the Federal Water Pollution Control Act that are not sewage, sludge, sludge materials, or industrial waste.

123. Ohio Admin. Code 3745-38-02(A), adopted under Ohio Rev. Code §§ 6111.03(G) and 6111.035(D), provides that no person may discharge any pollutant or cause, permit, or allow a discharge of any pollutant from a point source without applying for and obtaining an Ohio individual National Pollutant Discharge Elimination System ("NPDES") permit, in accordance with the requirements of Ohio Admin. Code Chapter 3745-33, or obtaining authorization to discharge under a general NPDES permit in accordance with the requirements of Ohio Admin. Code Chapter 3745-38.

124. Ohio Admin. Code 3745-38-01(I), defines "Discharge of a pollutant or pollutants" to mean the "addition of any pollutant to waters of the state from a point source."

125. Ohio Admin. Code 3745-38-01(R), defines "Pollutant" to mean sewage, industrial waste, or other waste as defined by Ohio Rev. Code § 6111.01(B), (C), and (D), respectively.

126. Ohio Admin. Code 3745-38-01(Q), defines "Point Source" to mean, in part, "any discernible, confined, discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged."

127. Ohio Admin. Code 3745-38-01(U) defines "Waters of the state," the same as Ohio Rev. Code § 6111.01 defines "Waters of the state."

128. Ohio Rev. Code § 6111.07(A) provides that no person shall violate or fail to perform any duty imposed by sections 6111.01 to 6111.08 of the Revised Code or any rule adopted by the Director of Ohio EPA, and that each day of violation is a separate offense.

23

129.    Under Ohio Rev. Code § 6111.07, the Ohio Attorney General has authority upon request of the Director of Ohio EPA to bring an action against any person violating or threatening to violate Ohio Rev. Code Chapter 6111 or violating or threatening to violate rule adopted by the Director of Ohio EPA.

130.    Ohio Rev. Code § 6111.09(A) provides that any person who violates 6111.07 of the Revised Code shall pay a civil penalty of no more than ten thousand dollars ($10,000.00) per day of violation.

### Ohio's Solid Waste Law

131.    Ohio Admin. Code 3745-51-02(A)(1) defines a "waste," with exceptions not applicable here, as any discarded material.

132.    Ohio Admin. Code 3745-51-02(A)(2) defines a "discarded material" as any material that is abandoned.

133.    Materials are waste if the materials are abandoned by being disposed of, burned, or incinerated.  Ohio Admin. Code 3745-51-02(B).

134.    Ohio Rev. Code § 3734.01(E) and Ohio Admin. Code 3745-27-01(S)(24) define "solid wastes" to include such unwanted residual solid or semi-solid material as results from industrial, commercial, agricultural, and community operations, excluding earth or material from construction, mining, or demolition operations, and includes, but is not limited to, garbage, scrap tires, combustible and noncombustible material, street dirt, and debris (Ohio Admin. Code 3745-27- 01(43), as amended).

135.    Ohio Rev. Code § 3734.01(N) and Ohio Admin. Code 3745-27-01(S)(25) define a "solid waste facility" as any site, location, tract of land, installation, or building used for the incineration, composting, sanitary landfilling, or other methods of disposal of solid waste.

24

136.    Ohio Rev. Code § 3734.01(I) and Ohio Admin. Code 3745-27-01(O)(4) define "open dumping" as the final deposition of solid wastes on or into the ground at any place other than a solid waste facility operated in accordance with Chapter 3734 of the Ohio Revised Code.

137.    Ohio Rev. Code § 3734.11(A) provides that no person shall violate any section of Ohio Rev. Code Chapter 3734, any rule adopted under it, or any order issued under Ohio Rev. Code § 3734.13.

### *Ohio's Air Pollution Control Law*

138.    Ohio Rev. Code § 3704.05(G) prohibits any person from violating any rule adopted by the Director of Ohio EPA pursuant to Ohio Rev. Code Chapter 3704.

139.    Under Ohio Rev. Code § 3704.06(B), the Ohio Attorney General has authority upon request of the Director of Ohio EPA to bring an action to enjoin conduct in violation of Ohio Rev. Code § 3704.05 and to seek civil penalties of not more than $25,000 for each day of each violation.

### *Additional General Allegations*

140.    All rules cited in this Complaint were adopted, promulgated, and enforced by the Director of Ohio EPA pursuant to her authority set forth in Ohio Rev. Code Chapters 3704, 3734, and 6111.

141.    This matter was referred to the Ohio Attorney General for enforcement upon written request from the Director of Ohio EPA pursuant to Ohio Rev. Code §§ 3704.06, 3734.10, 3734.13, 6111.07 and 6111.09.

142.    The allegations contained in the preceding paragraphs and each Claim for Relief (each Count) below are incorporated into each Count of this Complaint as if fully restated therein.

**Claims for Relief**

**COUNT ONE—CERCLA Recovery of Response Costs**

143.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a)(4)(A) provides liability for all costs of removal or remedial action incurred by a State not inconsistent with the National Contingency Plan against categories of listed persons including owners or operators of a facility and/or persons who arrange for disposal of hazardous substances.

144.    The State has responded (as defined in 42 U.S.C. § 9601(25)) to releases and/or the threat of releases at the Derailment location, the surrounding area, and beyond and has incurred response costs not inconsistent with the National Contingency Plan.

145.    Pursuant to 42 U.S.C. § 9607(a)(4)(A), Defendants are liable for all response costs, not inconsistent with the National Contingency Plan, incurred, and to be incurred, by the State associated with the Derailment and any migration of contamination from this facility.

**COUNT TWO—CERCLA Natural Resource Damages Claim**

146.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a)(4)(c) provides liability for damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release against categories of listed persons including owners or operators of a facility and/or persons who arrange for disposal of hazardous substances.

147.    The release of hazardous substances as a result of the Derailment resulted in injury to, destruction of, and loss of natural resources (as defined in 42 U.S.C. § 9601(16)) for which the State is a trustee at the Derailment location, the surrounding area, and beyond, including but not limited to, land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources.

26

148.     As a result of the release of hazardous substances due to the Derailment, the State has incurred, and continues to incur, reasonable costs in assessing such injuries, destruction, or losses.

149.     Pursuant to 42 U.S.C. § 9607(a)(4)(C), Defendants are liable for damages to natural resources, including costs of restoration, for injuries, destruction, or loss of natural resources resulting from releases of hazardous substances at the Derailment location, the surrounding area, and beyond where hazardous substances were disposed for which the State is a trustee.

### COUNT THREE—Declaratory Judgment for Future Response Costs Under CERCLA and the Declaratory Judgment Act

150.     CERCLA provides that in any action for recovery of costs under 42 U.S.C. § 9607, "the court shall enter a declaratory judgment on liability for response costs … that will be binding on any subsequent action or actions to recover further response costs…." 42 U.S.C. § 9613(g)(2).

151.     The Declaratory Judgment Act, 28 U.S.C. § 2201(a) states: "In a case of actual controversy within in its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights or other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

152.     The State will continue to incur response costs to address the contamination resulting from the Derailment and subsequent response.

153.     An actual controversy exists between the State and Norfolk Southern because the State contends that Norfolk Southern is a party liable under 42 U.S.C. § 9607(a) for all response costs incurred and to be incurred by the State in connection with the Derailment.

154.     The State is entitled to entry of a declaratory judgment that Norfolk Southern is liable for future response costs and/or damages to the extent these costs are not inconsistent with the National Contingency Plan.

**COUNT FOUR—Establishment and Operation of
a Hazardous Waste Facility without a Permit**

155.    Pursuant to Ohio Rev. Code § 3734.02(E), no person shall establish or operate a

hazardous waste facility without a hazardous waste permit issued in accordance with Ohio Rev.

Code § 3734.05 and Ohio Admin. Code 3745-50-41(A) and 3745-50-45(A).

156.    From February 3, 2023, and continuing to the present, Defendants established or

operated a hazardous waste facility by disposing of hazardous waste at the Derailment location,

the surrounding area, and beyond without a hazardous waste permit in violation of Ohio Rev. Code

§§ 3734.05 and 3734.02(E) and Ohio Admin. Code 3745-50-41(A) and 3745-50-45(A).

157.    The conduct or omissions of Defendants as described in this Count violate Ohio

Rev. Code §§  3734.02(E) and 3734.11 and Ohio Admin. Code 3745-50-41(A) and 3745-50-

45(A), for which the State is entitled to injunctive relief pursuant to Ohio Rev. Code §§ 3734.10

and 3734.13(C), and for which Defendants are jointly and severally liable for a civil penalty of up

to ten thousand dollars ($10,000.00) per day for each day of each violation, including each day of

violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3734.13(C).

**COUNT FIVE—Illegal Disposal of Hazardous Waste**

158.    Ohio Rev. Code § 3734.02(F) prohibits any person from disposing of hazardous

waste at or to any place in Ohio other than one of five types of facilities authorized to store or

dispose of hazardous waste by that section.

159.    The Derailment location, the surrounding area, and beyond is not one of the types

of facilities authorized under Ohio Rev. Code § 3734.02(F) for the disposal of hazardous waste.

160.    From February 3, 2023, and continuing to the present, Defendants disposed of

hazardous waste at the Derailment location, the surrounding area, and beyond without a hazardous

waste permit in violation of Ohio Rev. Code § 3734.02(F).

28

161.    The conduct or omissions of Defendants as described in this Count violate Ohio Rev. Code §§ 3734.02(F) and 3734.11, for which the State is entitled to injunctive relief pursuant to Ohio Rev. Code §§ 3734.10 and 3734.13(C), and for which Defendants are jointly and severally liable for a civil penalty of up to ten thousand dollars ($10,000.00) per day for each day of each violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3734.13(C).

**COUNT SIX—Failure to Obtain a Written Closure Plan**

162.    The owner or operator of a hazardous waste facility must have a written closure plan approved by the Director of Ohio EPA even while the hazardous waste facility is still in operation, as required by Ohio Admin. Code 3745-55-12.

163.    From February 3, 2023, and continuing to the present, Defendants failed to have a written closure plan approved by the Director of Ohio EPA in accordance with Ohio Admin. Code 3745-55-10 through 3745-55-20.

164.    The conduct or omissions of Defendants as described in this Count violates Ohio Admin. Code 3745-55-12 and Ohio Rev. Code § 3734.11, for which the State is entitled to injunctive relief pursuant to Ohio Rev. Code §§ 3734.10 and 3734.13(C), and for which Defendants are jointly and severally liable for a civil penalty of up to ten thousand dollars ($10,000.00) per day for each day of each violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3734.13(C).

**COUNT SEVEN—Failure to Maintain Written Estimate of Closure Cost**

165.    The owner or operator of a hazardous waste facility shall maintain a written estimate of the cost of closing a facility and annually update the estimate to account for inflation, as required by Ohio Admin. Code 3745-55-42.

166.     From February 3, 2023, and continuing to the present, Defendants failed to maintain a written estimate of the cost of closing the hazardous waste management units at the facility comprised of the Derailment location, the surrounding area, and beyond and failed to annually update such estimate to account for inflation.

167.     The conduct or omissions of Defendants as described in this Count violates Ohio Admin. Code 3745-55-42 and Ohio Rev. Code § 3734.11, for which the State is entitled to injunctive relief pursuant to Ohio Rev. Code §§ 3734.10 and 3734.13(C), and for which Defendants are jointly and severally liable for a civil penalty of up to ten thousand dollars ($10,000.00) per day for each day of each violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3734.13(C).

**COUNT EIGHT—Failure to Maintain Adequate Financial Assurance**

168.     The owner or operator of a hazardous waste facility shall maintain financial assurance for closure of a facility and adjust the amount of financial assurance as necessary to account for inflation and other changes in the cost estimate for closure, as required by Ohio Admin. Code 3745-55-43.

169.     From February 3, 2023, and continuing to the present, Defendants failed to maintain financial assurance for closure of the facility comprised of the Derailment location, the surrounding area, and beyond and to adjust financial assurance as necessary to account for inflation and other changes in the cost estimate for closure.

170.     The conduct or omissions of Defendants as described in this Count violates Ohio Admin. Code 3745-55-43 and Ohio Rev. Code § 3734.11, for which the State is entitled to injunctive relief pursuant to Ohio Rev. Code §§ 3734.10 and 3734.13(C), and for which Defendants are jointly and severally liable for a civil penalty of up to ten thousand dollars

($10,000.00) per day for each day of each violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3734.13(C).

## COUNT NINE—Failure to Maintain Liability Coverage

171.    The owner or operator of a hazardous waste facility shall establish liability coverage, including but not limited to coverage for sudden accidental occurrences arising from the operations of the facility in the amount of at least one million dollars per occurrence with an annual aggregate of at least two million dollars, exclusive of legal defense costs, as required by Ohio Admin. Code 3745-55-47.

172.    From February 3, 2023, and continuing to the present, Defendants failed to establish liability coverage for the hazardous waste management units at the facility comprised of the Derailment location, the surrounding area, and beyond.

173.    The conduct or omissions of Defendants as described in this Count violates Ohio Admin. Code 3745-55-47 and Ohio Rev. Code § 3734.11, for which the State is entitled to injunctive relief pursuant to Ohio Rev. Code §§ 3734.10 and 3734.13(C), and for which Defendants are jointly and severally liable for a civil penalty of up to ten thousand dollars ($10,000.00) per day for each day of each violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3734.13(C).

## COUNT TEN—Failure to Have a Contingency Plan

174.    The owner or operator of a hazardous waste facility shall have a contingency plan for the facility, as required by Ohio Admin. Code 3745-54-50 through 3745-54-56.

175.    The contingency plan shall be designed to minimize hazards to human health or the environment from fires, explosions or any unplanned sudden or non-sudden release of hazardous waste constituents to air, soil, or surface waters.  Ohio Admin. Code 3745-54-51(A).

31

176. The provisions of the contingency plan shall be implemented immediately whenever there is a fire, explosion, or release of hazardous waste or hazardous waste constituents which could threaten human health or the environment. Ohio Admin. Code 3745-54-51(B).

177. The contents of the contingency plan shall contain the requirements set forth in Ohio Admin. Code 3745-54-52.

178. From February 3, 2023, and continuing to the present, Defendants failed to immediately implement a contingency plan at the Derailment location, the surrounding area, and beyond.

179. The conduct or omissions of Defendants as described in this Count violates Ohio Admin. Code 3745-54-50 through 3745-54-56 and Ohio Rev. Code § 3734.11, for which the State is entitled to injunctive relief pursuant to Ohio Rev. Code §§ 3734.10 and 3734.13(C), and for which Defendants are jointly and severally liable for a civil penalty of up to ten thousand dollars ($10,000.00) per day for each day of each violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3734.13(C).

**COUNT ELEVEN—Unauthorized Discharge to Waters of the State**

180. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

181. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a railcar to a location where they caused or threatened to cause pollution.

182.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

183.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

184.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

185.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, or any other water of the state.

186.    Defendants' unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

187.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation,

33

including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT TWELVE—Unauthorized Discharge to Waters of the State

188.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

189.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a second (2nd), separate railcar to a location where they caused or threatened to cause pollution.

190.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

191.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

192.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

193.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the

Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, or any other water of the state.

194.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

195.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT THIRTEEN—Unauthorized Discharge to Waters of the State**

196.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

197.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a third (3rd), separate railcar to a location where they caused or threatened to cause pollution.

198.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants

discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

199.     Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

200.     Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

201.     At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

202.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

203.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

## COUNT FOURTEEN—Unauthorized Discharge to Waters of the State

204.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

205.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a fourth (4th), separate railcar to a location where they caused or threatened to cause pollution.

206.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

207.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

208.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

209.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

37

210.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

211.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FIFTEEN—Unauthorized Discharge to Waters of the State**

212.     Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

213.     On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a fifth (5th), separate railcar to a location where they caused or threatened to cause pollution.

214.     On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

215. Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

216. Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

217. At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

218. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

219. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT SIXTEEN—Unauthorized Discharge to Waters of the State**

220.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

221.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a sixth (6th), separate railcar to a location where they caused or threatened to cause pollution.

222.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

223.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

224.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

225.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

226.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

227.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT SEVENTEEN—Unauthorized Discharge to Waters of the State

228.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

229.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a seventh (7th), separate railcar to a location where they caused or threatened to cause pollution.

230.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

231.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

232.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

233.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

234.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

235.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT EIGHTEEN—Unauthorized Discharge to Waters of the State**

236.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

237.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from an eighth (8th), separate railcar to a location where they caused or threatened to cause pollution.

238.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

239.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

240.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

241.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

242.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

243.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT NINETEEN—Unauthorized Discharge to Waters of the State

244.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

245.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a ninth (9th), separate railcar to a location where they caused or threatened to cause pollution.

246.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

247.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

248.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

249.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

250.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

251.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

## COUNT TWENTY—Unauthorized Discharge to Waters of the State

252.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

253.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a tenth (10th), separate railcar to a location where they caused or threatened to cause pollution.

254.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

255.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

256.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

257.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

258. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

259. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT TWENTY-ONE—Unauthorized Discharge to Waters of the State**

260. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

261. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from an eleventh (11th), separate railcar to a location where they caused or threatened to cause pollution.

262. On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

47

263. Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

264. Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

265. At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

266. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

267. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT TWENTY-TWO—Unauthorized Discharge to Waters of the State**

268.     Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

269.     On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twelfth (12th), separate railcar to a location where they caused or threatened to cause pollution.

270.     On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

271.     Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

272.     Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

273.     At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

274. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

275. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT TWENTY-THREE—Unauthorized Discharge to Waters of the State**

276. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

277. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirteenth (13th), separate railcar to a location where they caused or threatened to cause pollution.

278. On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

50

279. Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

280. Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

281. At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

282. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

283. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT TWENTY-FOUR—Unauthorized Discharge to Waters of the State**

284.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

285.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a fourteenth (14th), separate railcar to a location where they caused or threatened to cause pollution.

286.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

287.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

288.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

289.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

290. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

291. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT TWENTY-FIVE—Unauthorized Discharge to Waters of the State

292. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

293. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a fifteenth (15th), separate railcar to a location where they caused or threatened to cause pollution.

294. On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

295. Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

296. Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

297. At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

298. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

299. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

## COUNT TWENTY-SIX—Unauthorized Discharge to Waters of the State

300.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

301.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a sixteenth (16th), separate railcar to a location where they caused or threatened to cause pollution.

302.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

303.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

304.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

305.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

306. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

307. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT TWENTY-SEVEN—Unauthorized Discharge to Waters of the State**

308. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

309. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a seventeenth (17th), separate railcar to a location where they caused or threatened to cause pollution.

310. On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

311. Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

312. Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

313. At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

314. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

315. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT TWENTY-EIGHT—Unauthorized Discharge to Waters of the State**

316.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

317.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from an eighteenth (18th), separate railcar to a location where they caused or threatened to cause pollution.

318.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

319.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

320.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

321.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

322.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

323.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT TWENTY-NINE—Unauthorized Discharge to Waters of the State

324.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

325.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a nineteenth (19th), separate railcar to a location where they caused or threatened to cause pollution.

326.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

327.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

328.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

329.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

330.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

331.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

## COUNT THIRTY—Unauthorized Discharge to Waters of the State

332.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

333.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twentieth (20th), separate railcar to a location where they caused or threatened to cause pollution.

334.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

335.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

336.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

337.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

338. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

339. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT THIRTY-ONE—Unauthorized Discharge to Waters of the State**

340. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

341. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-first (21st), separate railcar to a location where they caused or threatened to cause pollution.

342. On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

343.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

344.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

345.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

346.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

347.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT THIRTY-TWO—Unauthorized Discharge to Waters of the State

348.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

349.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-second (22nd), separate railcar to a location where they caused or threatened to cause pollution.

350.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

351.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

352.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

353.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

354.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

355.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT THIRTY-THREE—Unauthorized Discharge to Waters of the State**

356.     Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

357.     On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-third (23rd), separate railcar to a location where they caused or threatened to cause pollution.

358.     On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

359.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

360.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

361.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

362.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

363.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT THIRTY-FOUR—Unauthorized Discharge to Waters of the State**

364.   Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

365.   On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-fourth (24th), separate railcar to a location where they caused or threatened to cause pollution.

366.   On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

367.   Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

368.   Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

369.   At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

370.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

371.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT THIRTY-FIVE—Unauthorized Discharge to Waters of the State

372.     Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

373.     On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-fifth (25th), separate railcar to a location where they caused or threatened to cause pollution.

374.     On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

375.     Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

376.     Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

377.     At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

378.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

379.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

## COUNT THIRTY-SIX—Unauthorized Discharge to Waters of the State

380.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

381.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-sixth (26th), separate railcar to a location where they caused or threatened to cause pollution.

382.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

383.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

384.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

385.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

386.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

387.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT THIRTY-SEVEN—Unauthorized Discharge to Waters of the State**

388.     Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

389.     On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-seventh (27th), separate railcar to a location where they caused or threatened to cause pollution.

390.     On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

391.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

392.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

393.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

394.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

395.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT THIRTY-EIGHT—Unauthorized Discharge to Waters of the State**

396. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

397. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-eighth (28th), separate railcar to a location where they caused or threatened to cause pollution.

398. On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

399. Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

400. Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

401. At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

402.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

403.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT THIRTY-NINE—Unauthorized Discharge to Waters of the State**

404.     Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

405.     On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a twenty-ninth (29th), separate railcar to a location where they caused or threatened to cause pollution.

406.     On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

407.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

408.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

409.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

410.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

411.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

## COUNT FORTY—Unauthorized Discharge to Waters of the State

412.   Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

413.   On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirtieth (30th), separate railcar to a location where they caused or threatened to cause pollution.

414.   On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

415.   Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

416.   Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

417.   At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

418.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

419.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT FORTY-ONE—Unauthorized Discharge to Waters of the State

420.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

421.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-first (31st), separate railcar to a location where they caused or threatened to cause pollution.

422.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

423.   Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

424.   Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

425.   At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

426.   The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

427.   The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT FORTY-TWO—Unauthorized Discharge to Waters of the State

428.  Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

429.  On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-second (32nd), separate railcar to a location where they caused or threatened to cause pollution.

430.  On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

431.  Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

432.  Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

433.  At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

434.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

435.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FORTY-THREE—Unauthorized Discharge to Waters of the State**

436.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

437.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-third (33rd), separate railcar to a location where they caused or threatened to cause pollution.

438.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

439.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

440.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

441.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

442.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

443.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FORTY-FOUR—Unauthorized Discharge to Waters of the State**

444.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

445.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-fourth (34th), separate railcar to a location where they caused or threatened to cause pollution.

446.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

447.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

448.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

449.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

450.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

451.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT FORTY-FIVE—Unauthorized Discharge to Waters of the State

452.     Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

453.     On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-fifth (35th), separate railcar to a location where they caused or threatened to cause pollution.

454.     On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

455.     Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

456.     Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

457.     At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

458.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

459.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FORTY-SIX—Unauthorized Discharge to Waters of the State**

460.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

461.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-sixth (36th), separate railcar to a location where they caused or threatened to cause pollution.

462.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

463.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

464.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

465.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

466. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

467. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FORTY-SEVEN—Unauthorized Discharge to Waters of the State**

468. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

469. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-seventh (37th), separate railcar to a location where they caused or threatened to cause pollution.

470. On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

471.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

472.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

473.    At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

474.    The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

475.    The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FORTY-EIGHT—Unauthorized Discharge to Waters of the State**

476.  Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

477.  On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-eighth (38th), separate railcar to a location where they caused or threatened to cause pollution.

478.  On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

479.  Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

480.  Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

481.  At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

482. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

483. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FORTY-NINE—Unauthorized Discharge to Waters of the State**

484. Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

485. On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from a thirty-ninth (39th), separate railcar to a location where they caused or threatened to cause pollution.

486. On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

487.     Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

488.     Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

489.     At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

490.     The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

491.     The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FIFTY—Unauthorized Discharge to Waters of the State**

492.    Ohio Rev. Code § 6111.04(A) prohibits any person from causing pollution or placing or causing to be placed "any sewage, sludge, sludge materials, industrial waste, or other wastes in a location where they cause pollution of any waters of the state" unless that person holds a valid, unexpired permit to do so.

493.    On or about February 3, 2023, Defendants released hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants to be determined from at least one or more other, separate railcars to a location where they caused pollution.  Each such release constitutes a separate point source, for each of which the State of Ohio asserts a separate claim for relief under Ohio Rev. Code §§ 6111.07(A) and (B) and 6111.09, as stated herein and elsewhere in the Complaint.

494.    On or about February 3, 2023 and continuing to a date to be determined, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants to be determined discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state yet to be determined.

495.    Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, and Little Beaver Creek are waters of the state as defined by Ohio Rev. Code § 6111.01(H).

496.    Upon information and belief, the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants to be determined discharged to Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state to be determined, are "industrial waste" and/or "other wastes" as defined by Ohio Rev. Code § 6111.01(C) and (D).

497. At all times relevant to this Count, Ohio EPA had not issued a permit to Defendants authorizing the discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or any other water of the state.

498. The unpermitted discharge of industrial waste and/or other wastes into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters to be determined caused "pollution" and was a "public nuisance" to waters of the state as defined by Ohio Rev. Code §§ 6111.01(A)(1) and (2).

499. The acts and omissions in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

### COUNT FIFTY-ONE—Violation of Water Quality Standards

500. Ohio Administrative Code 3745-1-04 requires, in pertinent part, that all surface waters of the state shall be free from: (A) suspended solids or other substances that enter waters as a result of human activity and that will settle to form putrescent or otherwise objectionable sludge deposits, or that will adversely affect aquatic life; (B) floating debris, oil, scum or other floating materials entering the waters as a result of human activity in amounts sufficient to be unsightly or cause degradation; (C) materials entering the waters as a result of human activity producing color, odor, or other conditions in such a degree as to create a nuisance; and (D) substances entering the

waters as a result of human activity in concentrations that are toxic or harmful to human, animal, or aquatic life.

501.    Upon information and belief, Defendants' unauthorized discharges into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state, as detailed in Counts Eleven through Fifty of this Complaint, resulted in the deaths of more than 43,000 aquatic creatures, including the deaths of more than 38,000 fish.

502.    On or about February 3, 2023 and continuing to a date to be determined, Defendants' unauthorized discharges into Leslie Run, Sulphur Run, the Ohio River, Bull Creek, North Fork Little Beaver Creek, Little Beaver Creek, and/or other waters of the state, as detailed in Counts Eleven through Fifty of this Complaint, and the pollution and other effects of those discharges, violated Ohio's water quality standards as set forth in Ohio Admin. Code 3745-1-04.

503.    The acts and omissions alleged in this Count constitute violations of Ohio Rev. Code § 6111.07(A), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 6111.07(B), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09(A).

**COUNT FIFTY-TWO—Open Dumping**

504.    Ohio Rev. Code § 3734.03 provides that no person shall dispose of solid wastes by open dumping.

505.    Ohio Admin. Code 3745-27-05(D), promulgated under Ohio Rev. Code § 3734.03, states that no person shall conduct, permit, or allow open dumping.

93

506.    Beginning on or about February 3, 2023 and continuing to a time to be determined, Defendants conducted, permitted, and/or allowed the open dumping of waste at the Derailment location in violation of Ohio Rev. Code § 3734.03, 3734.11(A), and Ohio Admin. Code 3745-27-05(D).

507.    The acts or omissions alleged in this Count constitute separate violations of Ohio Rev. Code §§ 3734.11(A), 3734.03, and Ohio Admin. Code 3745-27-05(D), for which Defendants are jointly and severally subject to an injunction pursuant to Ohio Rev. Code § 3734.13(C), and for which Defendants are jointly and severally liable for civil penalties of up to ten thousand dollars ($10,000.00) per day for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3734.13(C).

### COUNT FIFTY-THREE—Causing an Air Nuisance

508.    Ohio Admin. Code 3745-15-07(A) prohibits, in part, any person from causing a public nuisance by allowing the emission or escape of smoke, ashes, dust, dirt, grim, acids, fumes, gases, vapors, or other substances into the open air in such amounts as to endanger the health, safety, or welfare of the public, or cause unreasonable injury or damage to property.

509.    On February 3, 2023 and continuing to a date yet unknown, Defendants caused a nuisance by allowing the emission or escape of prohibited substances into the open air in violation of Ohio Admin. Code 3745-15-07(A).

510.    The acts or omissions alleged in this count constitute a violation of Ohio Admin. Code 3745-15-07(A) and thus Ohio Rev. Code § 3704.05(A), for which Defendants are jointly and severally liable for injunctive relief pursuant to Ohio Rev. Code § 3704.06(B), and for which Defendants are jointly and severally liable for civil penalties of up to twenty-five thousand dollars

($25,000.00) per day for each day of violation, including each day of violation subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 3704.06.

## COUNT FIFTY-FOUR—Response Costs Under State Law

511.    Ohio Rev. Code § 3745.12 provides that any person responsible for causing or allowing an unauthorized spill, release, or discharge is liable to the Director of Ohio EPA for the costs incurred by the agency.

512.    From February 3, 2023, and continuing to the present, Defendants caused the unauthorized spill, release, or discharge of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants at the Derailment location, the surrounding area, and beyond.  As a result of the release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants caused by the Derailment, Ohio EPA has incurred costs necessary to abate harm to the environment at the Derailment location, the surrounding area, and beyond, as set forth in Ohio Rev. Code § 3734.20 and Ohio Rev. Code Chapters 3704 and 6111.

513.    The State is entitled to an order from this Court, pursuant to Ohio Rev. Code § 3745.12, requiring Defendants to reimburse Ohio EPA for costs incurred and to be incurred that are necessary to abate harm to the environmental at the Derailment location, the surrounding area, and beyond.

## COUNT FIFTY-FIVE—Negligence

514.    At all times relevant to this Complaint, Defendants' negligent, willful, wanton and/or reckless conduct caused the contamination of the environment, including but not limited to air, public waters, soils, lands and submerged lands, wildlife, and biota at and around the Derailment.

515.     Defendants owed a duty to the State and its residents to take adequate precautions to prevent the contamination of Ohio natural resources by hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants.

516.     Defendants owed a duty to Ohio and its residents to control, mitigate, and remediate the release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants at the time of and following the Derailment, and to take actions in response to the Derailment that do not exacerbate the injury.

517.     Defendants owed a duty to the State and its residents to operate, inspect, maintain, and repair its freight trains and railroad tracks, including specifically train 32N involved in the Derailment, in a safe and reasonable manner to prevent the Derailment, the ensuing fires, and release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants, and the resulting harm to Ohio, its residents, and its natural resources.  This includes the duty to comply with all applicable federal and state regulations, railroad safety standards, and Defendants' own internal operating rules and safety standards.

518.     Defendants owed a duty to Ohio and its residents to adequately inspect railcars before operating a train, and to operate the train safely, including but not limited to a duty to comply with: (i) 49 C.F.R. Part 215, which prescribes minimum Federal safety standards for railroad freight cars and in particular § 215.103 (prohibiting placing or continuing in service with a defective wheel), § 215.105 (prohibiting placing or continuing in service with a defective axle), and §§ 215.107, 215.109, 215.111, 215.113, 215.115, and 215.117 as applicable (dealing with bearings and related parts); (ii) applicable operating rules and safety standards; and (iii) other generally applicable railroad safety standards.

519.     In the absence of federal regulation establishing an applicable regulatory standard or rule, Defendants owed a duty of care to Ohio and its residents to act reasonably and prudently in the circumstances before and after the Derailment, including how it implemented and utilized its wayside monitoring devices and how it responded to the Derailment.

520.     Defendants breached the duty of care by causing the Derailment and resulting fires.

521.     Defendants breached the duty of care by failing to promptly, effectively, and safely control, mitigate, and remediate the release of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants at the time of and following the Derailment, including but not limited to intentionally burning vinyl chloride after the Derailment.

522.     Defendants breached the duty of care by failing to inspect and/or failing to test, replace, or repair the wheel bearing and/or other equipment which malfunctioned and caused, in whole or part, the Derailment, prior to operating the train.  Defendants' breach includes, at a minimum, violations of 49 C.F.R. Part 215, applicable Norfolk Southern Operating Rules, Safety and General Conduct Rules, and any other applicable internal Norfolk Southern standards, and other generally applicable railroad safety standards.

523.     Defendants breached the duty of care by operating the train with the defective, damaged, or otherwise faulty equipment that caused the Derailment.  Defendants' breach includes, at a minimum, violations of 49 C.F.R. Part 215, applicable Norfolk Southern Operating Rules, Safety and General Conduct Rules, and any other applicable internal Norfolk Southern standards, and other generally applicable railroad safety standards.

524.     Defendants knew that the train that derailed in East Palestine, Ohio contained numerous hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants.  Defendants knew that a Derailment could cause the release of hazardous materials,

hazardous substances, hazardous wastes, and/or other harmful pollutants into the environment, resulting in the contamination of Ohio's public natural resources, including waterways, waterbodies, aquifers, ground water, surface water, soils, sediments, fish and animal tissue, and biota.

525. Defendants failed to adequately respond to the Derailment, identify and sequester tank cars of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants, remove hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants in a safe fashion, or otherwise respond to and protect Ohio, its people and natural resources following the Derailment.

526. To the extent any equipment malfunction or malfunctions caused or contributed to the Derailment, they were foreseeable, known, or obvious to Defendants.

527. To the extent the above actions or omissions were done by Defendants' employees or agents, Defendants are liable for the actions of its employees or/agents under the legal doctrine of *respondeat superior*.

528. Defendants' conscious disregard for the rights of Ohio and the safety of its citizens has caused and continues to cause substantial harm to Ohio and the property and natural resources it holds in trust for its citizens, and will likely cause substantial harm in the future.

529. As a proximate cause of Defendants' negligent, wanton, and reckless actions or omissions, natural resources in Ohio have been injured and Ohio has suffered and will continue to suffer damages as described herein, for which Defendants are liable.

### COUNT FIFTY-SIX—Common Law Public Nuisance

530. At all times relevant to this Complaint, Defendants' actions and/or omissions have caused and threatened to cause, and continue to cause and threaten to cause, environmental

contamination by allowing hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants to enter into the air, public waters, soils, lands and submerged lands, wildlife, and biota immediately surrounding the Derailment and beyond.

531.    Ohio and its citizens are entitled to the full use and enjoyment of these natural resources and have been deprived of these resources by Defendants' actions and/or omissions.

532.    Defendants have caused an unreasonable interference with the public health and welfare and with the rights of the public to a clean and safe environment, including but not limited to the right to breathe clean air and the right to safe, uncontaminated drinking water.

533.    Defendants' actions and/or omissions have affected and continue to affect a substantial number of Ohio's citizens.

534.    The Derailment has caused and continues to cause inconvenience and annoyance to Ohio and its citizens.  An ordinary person would be reasonably annoyed or disturbed by the presence of hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants in the environment, which endangers the health and safety of animals, biota, and humans, and degrades water quality and wildlife habitats.

535.    The actions and/or omissions of Defendants have caused and continue to cause an unreasonable interference with the health, wealth, welfare, and property of Ohio and its citizens and constitute a common law public nuisance, for which Defendants are jointly and severally liable and subject to injunctive relief to abate the nuisance, and for which Ohio is entitled to all direct and consequential damages.  Defendants are also liable for any relief that will abate and remediate the nuisance and its short-term and long-term effects.

**COUNT FIFTY-SEVEN—Statutory Nuisance**

536.    At all times relevant to this Complaint, Defendants' actions and/or omissions have caused and threatened to cause, and continue to cause and threaten to cause, environmental contamination by allowing hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants to enter into the air, public waters, soils, lands and submerged lands, wildlife, and biota immediately surrounding the Derailment and beyond.

537.    By their actions and/or omissions described herein, Defendants have violated applicable statutory and regulatory standards, including but not limited to Ohio's Water Pollution Control Act, Ohio Rev. Code § 6111 *et seq*., Ohio's Public Nuisance Statute, Ohio Rev. Code § 3767 *et seq*., and Ohio's Air Nuisance Rule, Ohio Admin. Code 3745-15-07, and have caused damage or prejudice to Ohio and the public.

538.    Defendants' nuisance is ongoing, and as long as the nuisance continues, Ohio's injuries and damages will continue.

539.    The actions and/or omissions of Defendants have caused and continue to cause an unreasonable interference with the health, wealth, welfare, and property of Ohio and its citizens and constitute a statutory nuisance for which Defendants are jointly and severally liable and subject to injunctive relief to abate the nuisance, and Ohio is entitled to all direct and consequential damages.  Defendants are also liable for any relief that will abate and remediate the nuisance and its short-term and long-term effects.

**COUNT FIFTY-EIGHT—Trespass**

540.    By the foregoing intentional conduct, Defendants caused and continue to cause contamination of air, public waters, soils, lands and submerged lands, wildlife, and biota and other property held in trust by Ohio on behalf of its citizens.  This contamination was or should have

been reasonably foreseeable to Defendants.  Defendants intentionally contaminated Ohio's natural resources and property.

541.    Ohio did not authorize the invasion of its natural resources and public trust property.

542.    The contamination of Ohio's natural resources and public trust property, including its air, public waters, soils, lands, and submerged lands, wildlife, and biota, constitutes a continuing trespass.  Defendants' conscious disregard for the rights of Ohio and the safety of its citizens has caused substantial harm to Ohio, its natural resources, and its public trust property, and will continue to cause further substantial harm.

543.    As a direct and proximate cause of Defendants' continuing trespass and engaging in the above-mentioned activities, and the resulting contamination which trespassed against the State's public trust property, Ohio has suffered direct and consequential damages as described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the State of Ohio, respectfully requests that the Court award Plaintiff the following relief from Defendants:

A.    Permanently enjoin Defendants from the actions and/or omissions of which Plaintiff complains in the Counts of this Complaint.

B.    Issue a declaratory judgment pursuant to 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201 declaring that Defendants, jointly and severally, are liable for all response costs and damages associated with the facility for which the Defendants are responsible—not inconsistent with the National Contingency Plan—incurred, and to be incurred, by the State to address the releases and

threatened releases of hazardous substances at the Derailment location, the surrounding area, and beyond.

  C.  Pursuant to 42 U.S.C. § 9607, order Defendants, jointly and severally, to reimburse the State for its response costs associated with the facility for which Defendants are responsible—not inconsistent with the National Contingency Plan—which have been incurred by the State to address releases and threatened releases of hazardous substances at the Derailment location, the surrounding area, and beyond, including interest.

  D.  Pursuant to 42 U.S.C. § 9607, order Defendants to pay for all costs to cure, restore, and replace the injury and damages suffered by natural resources held in trust by the State, including the cost to restore, replace, rehabilitate, and/or acquire equivalent natural resources, the value of lost services resulting from the injury to the natural resources, and the reasonable cost of assessing injury to the natural resources and resulting damages, including interest.

  E.  Permanently enjoin Defendants to comply with Ohio Rev. Code Chapter 3734 and the rules adopted thereunder, including but not limited to:

    1.  Prohibit Defendants from disposing of any additional waste, as defined in Ohio Admin. Code 3745-51-02 (Hazardous Waste), Ohio Rev. Code § 3734.01(E) (Solid Waste), and Ohio Rev. Code § 6111.01 (Water Pollution), at the Derailment location, the surrounding area, and beyond.

    2.  Order Defendants to submit to Ohio EPA an approvable closure plan for the Derailment location, the surrounding area, and beyond and to implement the closure plan as approved by Ohio EPA in accordance with Ohio Admin. Code 3745-55-10 through 3745-55-20.  Additionally, if Defendants are unable to demonstrate all contaminated media can be practically decontaminated or removed, Defendants

must perform post-closure care requirements in accordance with Ohio Admin. Code 3745-57-10.  Defendants must meet all requirements for landfills specified in rules Ohio Admin. Code 3745-55-10 to 3745-55-20 and 3745-55-40 to 3745-55-51.

3.      Order Defendants to comply with the closure cost estimate and financial assurance requirements, including any annual updates in accordance with Ohio Admin. Code 3745-55-41 through 3745-55-43.

4.      Order Defendants to establish liability coverage in accordance with Ohio Admin. Code 3745-55-47.

5.      Order Defendants to have a contingency plan for the Derailment location the surrounding area, and beyond, as required by Ohio Admin. Code 3745-54-50 through 3745-54-56.

F.      Permanently enjoin Defendants to comply with Ohio Rev. Code Chapter 6111 and the rules adopted thereunder, including but not limited to:

1.      Order Defendants to cease pollution to Waters of the State.

2.      Order Defendants to remediate any pollution to Waters of the State.

3.      Order Defendants to develop a monitoring plan to ensure pollution to Waters of the State does not continue.

G.      Permanently enjoin Defendants to comply with Ohio Rev. Code Chapter 3704 and the rules adopted thereunder.

H.      Order each Defendant, jointly and severally, pursuant to Ohio Rev. Code §§ 3704.06, 3734.13(C), and 6111.09(A), to pay into the State Treasury, a civil penalty for each day

of each violation including each day of violation after the filing of this Complaint, as alleged in Counts Four through Fifty-Three.

       I.      Pursuant to Ohio Rev. Code § 3745.12, order Defendants to reimburse Ohio EPA for costs incurred and to be incurred that are necessary to abate harm to the environment at the Derailment location, the surrounding area, and beyond.

       J.      Issue an injunction prohibiting Defendants from releasing hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants into the air, public waters, soils, lands, and submerged lands, wildlife, and biota at and around the Derailment location and surrounding area.

       K.      Issue an injunction requiring Defendants to remediate all hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants from the air, public waters, soils, lands and submerged lands, wildlife, and biota at and around the Derailment location and surrounding area.

       L.      Issue an award of monetary damages against Defendants to the State for their conduct contained in the Counts of this Complaint, including damages for injury to Ohio natural resources, the loss of use of such resources, property damages, and economic impacts to the State and its residents.

       M.      Issue an award of present and future costs of the State to: (1) assess, investigate, monitor, analyze, and remove hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants released in the Derailment; (2) prevent injury to additional public natural resources; (3) restore Ohio's public natural resources to their pre-Derailment condition or to replace those resources that are lost forever; (4) protect the public from the hazardous materials, hazardous substances, hazardous wastes, and/or other harmful pollutants and other risks caused by

the Derailment; (5) respond to the Derailment and all costs of increased public services undertaken as a result of the Derailment; and/or (6) abate the nuisance created by the Derailment and resulting contamination in Ohio's natural resources and public trust property.

N.      Declare that Defendants are obligated to indemnify Ohio for all expenditures of money the State is legally obligated to undertake in connection with the contamination complained of herein.

O.      Order Defendants, jointly and severally, to pay all costs and fees of this action, including reasonable attorney fees assessed by the Ohio Attorney General's Office.

P.      Order Defendants, jointly and severally, to pay pre- and post-judgment interest as provided by law.

Q.      Order Defendants, jointly and severally, to pay punitive damages.

R.      Retain jurisdiction of this action for the purpose of making any order or decree the Court may deem necessary at any time to enforce and administer Defendants' compliance with, and to carry out, this Court's judgment; and

S.      Grant any other relief the Court deems to be just, equitable, and proper.

Respectfully submitted,

**DAVE YOST**
**OHIO ATTORNEY GENERAL**


s/ Karrie P. Kunkel
AMBER WOOTTON HERTLEIN (0083858)
KARRIE P. KUNKEL (0089755)
KATHERINE A. WALKER (0093850)
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
614.466.2766
Amber.Hertlein@OhioAGO.gov
Karrie.Kunkel@OhioAGO.gov
Katherine.Walker@OhioAGO.gov

*Attorneys for Plaintiff, State of Ohio*


## <u>JURY DEMAND</u>

Ohio respectfully requests trial by jury on all claims so triable.


s/ Karrie P. Kunkel


106