**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THE STATE OF OHIO, | Civil Action No.  4:23CV517 |
| and | 4:23CV675 |
| THE UNITED STATES OF AMERICA, | Hon. John R. Adams |
| Plaintiffs, | |
| v. | |
| NORFOLK SOUTHERN RAILWAY CO., et al., | |
| Defendants. | |

**DEFENDANTS' ANSWER**
**TO THE UNITED STATES OF AMERICA'S AMENDED COMPLAINT**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Norfolk Southern Railway Company and Norfolk Southern Corporation (collectively "Norfolk Southern") hereby submit an Answer in response to the allegations in the Amended Complaint (ECF No. 22, "Amended Complaint"), dated May 19, 2023, filed by Plaintiff United States of America ("Plaintiff") in the captioned action. While Norfolk Southern is following the legal process through the filing of this Answer, this filing changes nothing about our commitments to the long-term recovery of East Palestine and the surrounding areas. To be clear, Norfolk Southern remains committed in our work to make things right in the East Palestine area and has undertaken significant efforts to assist the people of East Palestine and the surrounding area, including by dedicating itself to a thorough environmental clean-up and providing millions of dollars in financial assistance to residents and businesses. Norfolk Southern remains committed to establishing long-term funds to address concerns about health, water

quality, and residential property values. Norfolk Southern also continues remediating the site with oversight by the Environmental Protection Agency (EPA) and Ohio EPA.

## INTRODUCTION

1.      Norfolk Southern admits that a train derailed in East Palestine, Ohio on February 3, 2023, causing a collision of rail cars, a fire, evacuation of residents, and a response from U.S. EPA, Ohio EPA, and other agencies. Norfolk Southern admits that as a result of the Derailment, there were releases of substances into the air, soil, and water. The allegations in Footnote 1 in Paragraph 1 are legal conclusions to which no responsive pleading is necessary. Norfolk Southern denies the remaining allegations.

2.      The allegations in Paragraph 2 are legal conclusions to which no responsive pleading is necessary. To the extent a response is required, Norfolk Southern lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations in Paragraph 2 and on that basis denies those allegations.

## JURISDICTION, VENUE, AND AUTHORITY

3.      Admitted.

4.      Admitted.

5.      Admitted.

## THE PARTIES

6.      Norfolk Southern is without knowledge or information sufficient to form a belief concerning the truth of the allegation in Paragraph 6, and on that basis denies the allegation.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.      Admitted.

## GENERAL ALLEGATIONS

11.     Norfolk Southern admits that Norfolk Southern Railway Company is a wholly owned subsidiary of holding company Norfolk Southern Corporation. Norfolk Southern Railway Company operates a freight railroad that links customers to worldwide markets. Norfolk Southern admits that the railway operates approximately 19,300 route miles in 22 eastern states and the District of Columbia, serves 20 seaports and lake ports, and connects with western and Canadian partners. Norfolk Southern admits that Norfolk Southern offers the East's most extensive intermodal network and provides comprehensive transportation logistics services supported by innovative data systems and technology. To the extent the allegations draw legal conclusions regarding control, no responsive pleading is necessary.

12.     The allegation that Norfolk Southern Railway Company accepts hazardous substances is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern admits the remaining allegations in Paragraph 12.

13.     Norfolk Southern admits that Norfolk Southern Railway Company operated train 32N and its railcars at the time of the Derailment. Defendants deny the remaining allegations in Paragraph 13.

14.     Norfolk Southern admits that Norfolk Southern Railway Company owned the locomotive and some of the railcars on train 32N. Defendants deny the remaining allegations in Paragraph 14.

15.     Admitted.

16.     Admitted.

17.     The writing cited in Paragraph 17 speaks for itself, and any allegation inconsistent with the writing is denied.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Norfolk Southern admits that it has performance metrics. The remaining allegations in Paragraph 21 are denied.

22.     Norfolk Southern admits that it has performance metrics. The remaining allegations in Paragraph 22 are denied.

23.     Norfolk Southern admits that it has performance metrics. The remaining allegations in Paragraph 23 are denied.

24.     Norfolk Southern admits that it has performance metrics. The remaining allegations in Paragraph 24 are denied.

25.     Denied.

26.     Denied.

27.     Admitted.

28.     Admitted.

29.     The allegation that the materials are hazardous is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern admits the remaining allegations in Paragraph 29.

30.     The writing cited in Paragraph 30 speaks for itself, and any allegation inconsistent with the writing is denied.

31.     Norfolk Southern Railway Company offers training to each employee who directly transports certain materials. Norfolk Southern denies the remaining allegations in Paragraph 31.

32.     Norfolk Southern admits that Norfolk Southern Corporation has filed public comments related to railway operations with the United States Department of Transportation

and Federal Railroad Administration on behalf of NS Railway. Norfolk Southern denies the remaining allegations in Paragraph 32.

33.    Admitted.

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    Admitted.

38.    The allegations that the materials were hazardous is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern admits the remaining allegations in Paragraph 38.

39.    The allegations that the materials were hazardous is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern admits the remaining allegations in Paragraph 39.

40.    The allegations that materials are hazardous is a legal conclusion to which no responsive pleading is necessary. The remaining allegations in Paragraph 40 require further expert analysis and opinion, and therefore Norfolk Southern is without information sufficient to form a belief as to the truth of this allegation. On that basis, Norfolk Southern denies the allegation.

41.    The allegations in Paragraph 41 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 41.

42.    Norfolk Southern denies the allegation that one of the derailed rail cars contained liquified petroleum gas residue. Norfolk Southern admits the remaining allegations in Paragraph 42.

43.     Norfolk Southern admits that the Derailment caused some of the derailed cars to be breached. Norfolk Southern admits that certain materials were released into the environment, including the soil and waterways. The allegation that the release involved hazardous materials is a legal conclusion to which no responsive pleading is necessary.

44.     Admitted.

45.     Norfolk Southern admits that Exhibit A to the Amended Complaint generally depicts the Site of the Derailment. To the extent the remaining allegations in Paragraph 45 defines the extent of the contamination resulting from the Derailment, Norfolk Southern denies the same.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Norfolk Southern denies the allegation that materials were released into groundwater. The allegation that the release involved hazardous materials is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern admits the remaining allegations in Paragraph 51.

52.     The allegation that materials were hazardous is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52, and on this basis denies the allegations.

53.     Admitted.

54.     Admitted.

55.     Admitted.

56.     Norfolk Southern admits that EPA made such a determination, and that EPA issued a Unilateral Administrative Order on February 21, 2023.

57.     The writing cited in Paragraph 57 speaks for itself, and any allegation inconsistent with the writing is denied. The allegation that substances were hazardous is a legal conclusion to which no responsive pleading is necessary.

58.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and on that basis denies the allegations.

59.     Admitted.

60.     Norfolk Southern admits that sampling and containment activities occurred along waterways. Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60, and on that basis denies the allegations.

61.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 61 regarding the Unnamed Tributary, and on that basis denies the allegation. Norfolk Southern admits the remaining allegations in Paragraph 61.

62.     Admitted.

63.     Norfolk Southern admits that the derailment caused some cars to be breached, resulting in the release of certain materials into soil and waterways at and adjacent to the Site. Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the Unnamed Tributary, and on that basis denies the allegation. Whether the cars contained hazardous materials is a legal conclusion to which no responsive pleading is necessary.

64. Norfolk Southern admits that vinyl chloride, naphthalene, butyl acrylate, and ethylhexyl acrylate were detected in waterways after the derailment. Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64 and on this basis denies the allegations.

65. Norfolk Southern admits there were limited, low-level detections of naphthalene in waterways. Whether detected materials were hazardous is a legal conclusion to which no responsive pleading is necessary.

66. Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, and on that basis denies the allegations.

67. Whether certain materials released into the environment were hazardous is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern denies the remaining allegations in Paragraph 67.

68. Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and on that basis denies the allegations.

69. Norfolk Southern admits that certain substances from the derailed cars, firefighting efforts, and certain substances created by the mixing and burning of contents of the rail cars were released into Sulphur Run. Whether the released materials were hazardous is a legal conclusion to which no responsive pleading is required. Norfolk Southern denies the remaining allegations in Paragraph 69.

70. Norfolk Southern admits that the Ohio Department of Natural Resources made such a report.

71.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and on that basis denies the allegations.

72.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and on that basis denies the allegations.

73.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and on that basis denies the allegations.

74.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and on that basis denies the allegations.

75.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and on that basis denies the allegations.

76.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and on that basis denies the allegations.

77.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, and on that basis denies the allegations.

78.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and on that basis denies the allegations.

79.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and on that basis denies the allegations.

80.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, and on that basis denies the allegations.

81.     The allegations in paragraph 81 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 81.

82.     Admitted.

83.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, and on that basis denies the allegations.

84.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and on that basis denies the allegations.

85.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and on that basis denies the allegations.

86.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, and on that basis denies the allegations.

87.     Admitted.

88.     Admitted.

89.     The allegations in Paragraph 89 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 89.

90.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90, and on that basis denies the allegations.

91.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91, and on that basis denies the allegations.

92.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and on that basis denies the allegations.

93.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and on that basis denies the allegations.

94.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94, and on that basis denies the allegations.

95.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95, and on that basis denies the allegations.

96.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96, and on that basis denies the allegations.

97.     Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97, and on that basis denies the allegations.

98.     Admitted.

99.     The allegations in Paragraph 99 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 99.

100.    Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100, and on that basis denies the allegations.

101.    Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101, and on that basis denies the allegations.

102.    Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, and on that basis denies the allegations.

103.    Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103, and on that basis denies the allegations.

104.    Admitted.

105.    The allegations in Paragraph 105 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 105.

106.    Admitted.

107.    Admitted.

108. Admitted.

109. Admitted.

110. Admitted.

111. The allegations in Paragraph 111 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 111.

112. The allegations in Paragraph 112 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 112.

113. Admitted.

114. Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114, and on that basis denies the allegations.

115. Admitted.

116. Admitted.

117. Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117, and on that basis denies the allegations.

118. Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118, and on that basis denies the allegations.

119. Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119, and on that basis denies the allegations.

120. Admitted.

121.    Norfolk Southern is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121, and on that basis denies the allegations.

122.    The allegations in Paragraph 122 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 122.

123.    The allegations in Paragraph 123 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 123.

124.    Admitted.

125.    The allegations in Paragraph 125 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 125.

126.    The allegations in Paragraph 126 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 126.

## STATUTORY AND REGULATORY BACKGROUND

127.    The allegations in Paragraph 127 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 128.

129.     The allegations in Paragraph 129 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 129.

130.     The allegations in Paragraph 130 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 130.

131.     The allegations in Paragraph 131 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 131.

132.     The allegations in Paragraph 132 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 132.

133.     The allegations in Paragraph 133 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 133.

134.     The allegations in Paragraph 134 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 134.

135.     The allegations in Paragraph 135 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 135.

136.     The allegations in Paragraph 136 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 136.

137.     The allegations in Paragraph 137 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 137.

138.     The allegations in Paragraph 138 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 138.

139.     The allegations in Paragraph 139 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 139.

140.     The allegations in Paragraph 140 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 140.

141.     The allegations in Paragraph 141 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 141.

142.     The allegations in Paragraph 142 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 142.

143.     The allegations in Paragraph 143 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 143.

144.     The allegations in Paragraph 144 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 144.

145.     The allegations in Paragraph 145 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 145.

146.     The allegations in Paragraph 146 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 146.

147.     The allegations in Paragraph 147 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 147.

148.     The allegations in Paragraph 148 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 148.

149.     The allegations in Paragraph 149 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 149.

150.     The allegations in Paragraph 150 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 150.

151.     The allegations in Paragraph 151 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 151.

152.     The allegations in Paragraph 152 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 152.

153. The allegations in Paragraph 153 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 153.

154. The allegations in Paragraph 154 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 154.

155. The allegations in Paragraph 155 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 155.

156. The allegations in Paragraph 156 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 156.

157. The allegations in Paragraph 157 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 157.

158. The allegations in Paragraph 158 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 158.

159. The allegations in Paragraph 159 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 159.

160. The allegations in Paragraph 160 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 160.

161.     The allegations in Paragraph 161 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 161.

162.     The allegations in Paragraph 162 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 162.

163.     The allegations in Paragraph 163 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 163.

164.     The allegations in Paragraph 164 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 164.

165.     The allegations in Paragraph 165 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 165.

166.     The allegations in Paragraph 166 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 166.

167.     The allegations in Paragraph 167 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 167.

168.     The allegations in Paragraph 168 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 168.

169.     The allegations in Paragraph 169 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 169.

170.     The allegations in Paragraph 170 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 170.

171.     The allegations in Paragraph 171 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 171.

## CLAIMS FOR RELIEF

### First Claim for Relief: Discharge of Pollutants in Violation of Clean Water Act (33 U.S.C. § 1311(a))

172.     Norfolk Southern incorporates by reference its responses in each of the above paragraphs.

173.     The allegations in Paragraph 173 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 173.

174.     The allegations in Paragraph 174 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 174.

175.     The allegations in Paragraph 175 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 175.

176.     The allegations in Paragraph 176 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 177.

178.    The allegations in Paragraph 178 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 178.

179.    The allegations in Paragraph 179 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 179.

180.    The allegations in Paragraph 180 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 180.

181.    The allegations in Paragraph 181 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 181.

182.    The allegations in Paragraph 182 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 182.

183.    The allegations in Paragraph 183 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 183.

184.    The allegations in Paragraph 184 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 184.

185.     The allegations in Paragraph 185 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 185.

186.     The allegations in Paragraph 186 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 186.

187.     The allegations in Paragraph 187 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 187.

188.     The allegations in Paragraph 188 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 188.

189.     The allegations in Paragraph 189 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 189.

190.     The allegations in Paragraph 190 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 190.

191.     The allegations in Paragraph 191 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 191.

192.     Denied.

193.     Denied.

<u>Second Claim for Relief: Discharge of Oil and Hazardous Substances in Violation of the</u>
<u>Clean Water Act (33 U.S.C. § 1321)</u>

194.    Norfolk Southern incorporates by reference its responses in each of the above paragraphs.

195.    The allegations in Paragraph 195 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 196.

197.    The allegations in Paragraph 197 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 197.

198.    The allegations in Paragraph 198 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 198.

199.    The allegations in Paragraph 199 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 199.

200.    The allegations in Paragraph 200 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 200.

201.    The allegations in Paragraph 201 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 201.

202.    The allegations in Paragraph 202 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 202.

203.    Norfolk Southern admits that the response action is ongoing. The allegation that substances are hazardous is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern denies the remaining allegations in Paragraph 203.

204.    The allegations in Paragraph 204 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 204.

205.    The allegation that discharged substances are hazardous is a legal conclusion to which no responsive pleading is necessary. Norfolk Southern denies the remaining allegations in Paragraph 205.

### Third Claim for Relief: Cost Recovery under 42 U.S.C. § 9607(a)

206.    Norfolk Southern incorporates by reference its responses in each of the above paragraphs.

207.    The allegations in Paragraph 207 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 208.

209.    The allegations in Paragraph 209 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 209.

210. The allegations in Paragraph 210 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 210.

211. The allegations in Paragraph 211 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 211.

212. The allegations in Paragraph 212 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 212.

213. The allegations in Paragraph 213 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 213.

214. Denied.

Fourth Claim for Relief: Declaratory Judgment as to Liability Under 42 U.S.C. § 9613(g)(2)

215. Norfolk Southern incorporates by reference its responses in each of the above paragraphs.

216. The allegations in Paragraph 216 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 216.

217. The allegations in Paragraph 217 are legal conclusions to which no responsive pleasing is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 217.

218. The allegations in Paragraph 218 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 218.

219.     The allegations in Paragraph 219 are legal conclusions to which no responsive pleading is necessary. To the extent a further response is necessary, Norfolk Southern denies the allegations in Paragraph 219.

## PRAYER FOR RELIEF

Norfolk Southern denies that Plaintiff is entitled to any relief requested in the unnumbered clause following paragraph 219, including subparts (A) through (H).

## GENERAL DENIAL

Norfolk Southern further denies each and every allegation contained in the Amended Complaint to which Norfolk Southern has not specifically admitted, denied, or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

1.     Defendants deny each and every allegation of the Amended Complaint not expressly admitted above.

### First Affirmative Defense (Defense under Section 107(b) of CERCLA Based on the Acts of Third Parties)

2.     Plaintiff's claims are barred by CERCLA Section 107(b), 42 U.S.C. § 9607(b)(3), because the releases or threatened releases of hazardous substances or hazardous wastes, if any, alleged in the Amended Complaint were caused solely by the acts or omissions of third persons or third parties other than the Defendants and for whom Defendants were not responsible as an agent of Defendants. To the extent, if any, that the acts or omissions of third persons or third parties other than Defendants occurred in connection with a contractual relationship with Defendants, the sole contractual relationship arose from a published tariff and acceptance for carriage by a common carrier by rail, Defendant Norfolk Southern Railway Company. Defendants exercised due care with respect to the hazardous substances concerned, if any, taking into consideration the characteristics of such hazardous substances, in light of all relevant facts and circumstances. Defendants took precautions

against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

Second Affirmative Defense (Failure to State a Claim)

3. The Amended Complaint and each cause of action fail to state a claim upon which relief can be granted against Defendants, or at all.

Third Affirmative Defense (CERCLA Contribution)

4. If Defendants are held responsible for any costs or damages, Plaintiff and other parties are liable to Defendants in contribution under, but not limited to, CERCLA, 42 U.S.C. § 9613(f), for all response costs or damages incurred by Defendants in excess of their equitable share of any such costs and damages.

Fourth Affirmative Defense (Defense under Section 107(j) of CERCLA Based on a Federally Permitted Release)

5. Defendants allege that some or all of the releases or threats of releases of hazardous substances or hazardous wastes, if any, alleged in the Amended Complaint, and the resulting response costs, were federally permitted releases as defined by CERCLA Section 101(10), 42 U.S.C. § 9601(10). Defendants are not liable for any resulting response costs or damages caused by such acts per CERCLA Section 107(j), 42 U.S.C. § 9607(j).

Fifth Affirmative Defense (Divisibility)

6. If Defendants are found to be a responsible party under CERCLA Section 107(a), 42 U.S.C. § 9607(a), the response costs or damages incurred at the site or facility, if any, as defined by CERCLA Section 101(9), 42 U.S.C. § 9601(9), are legally divisible from response costs.

Sixth Affirmative Defense (No Cost Recovery for Improper Costs under National Contingency Plan or CERCLA)

7. Defendants are not liable for any costs incurred by Plaintiff, if any, that were not incurred pursuant to, nor authorized by, CERCLA and/or do not constitute "response

27

costs" as defined by CERCLA or that fail to satisfy the prerequisite and requirements for such a CERCLA claim, including compliance and consistency with the National Oil and Hazardous Substances Pollution Contingency Plan.

<u>Seventh Affirmative Defense (No Cost Recovery for Ineffective Costs)</u>

8.     Defendants are not liable for any response costs incurred by Plaintiff, if any, for removal or remedial actions that were not and are not "cost-effective" pursuant to CERCLA Section 121, 42 U.S.C. § 9621.

<u>Eighth Affirmative Defense (No Cost Recovery for De Micromis Material)</u>

9.     Defendants are not liable for any response costs incurred by Plaintiff, if any, that are de micromis as defined in CERCLA Section 107(o), 42 U.S.C. § 9607(o).

<u>Ninth Affirmative Defense (No Cost Recovery for Removal or Remediation of Naturally Occurring Substances)</u>

10.     Defendants are not liable for any response costs incurred by Plaintiff, if any, in response to a release or threat of release of a naturally occurring substance in its unaltered form or altered solely through naturally occurring processes or phenomena.

<u>Tenth Affirmative Defense (No Cost Recovery for Removal or Remediation of Pre-Existing Substances)</u>

11.     Defendants are not liable for any response costs incurred by Plaintiff, if any, in response to a release or threat of release of a substance that was present at the site prior to the derailment that can be attributed to another source unrelated to Defendants.

<u>Eleventh Affirmative Defense (Offset)</u>

12.     Defendants are not liable for any response costs, losses, or damages incurred by Plaintiff where Plaintiff has already been reimbursed for response costs, losses, or damages at issue in the Amended Complaint. To the extent that Defendants have suffered damages, costs, or expenses by reason of Plaintiff's conduct, Defendants assert an offset of any amount that Plaintiff must pay as the responsible party.

Twelfth Affirmative Defense (Failure to Mitigate)

13.     Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize its damages, if any, and this failure to mitigate damages alone caused, contributed to, or aggravated any damages or injuries to Plaintiff, if any, and therefore precludes or reduces any recovery against Defendants.

Thirteenth Affirmative Defense (Superseding Cause)

14.     Any recovery against Plaintiff should be reduced because Plaintiff's response costs, if any, were proximately caused by unforeseeable, independent, and/or superseding events beyond the control of, and unrelated to, any actions or conduct of Defendants.

Fourteenth Affirmative Defense (Limitation of Damages)

15.     Defendants are entitled to all applicable limitation of damages and apportionment of liability to unnamed parties available under Ohio Revised Code Sections 2307.22, 2307.23 and 2307.28.

Fifteenth Affirmative Defense (Preclusion under the FRSA)

16.     Certain of Plaintiff's claims and claims are precluded by the Federal Railway Safety Act (FRSA), which is intended to ensure national uniformity in the application of federal safety regulation in all areas of railroad operations. The FRSA contains an express preclusion clause stating that "laws, regulations, and orders related to railroad safety shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106(a).

Sixteenth Affirmative Defense (Preclusion under the ICCTA)

17.     Certain of Plaintiff's claims are precluded by the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. § 10501, which gives the federal Surface Transportation Board ("STB") exclusive jurisdiction to regulate rail transportation and precludes any remedies that would intrude on the STB's authority. The ICCTA grants to the STB exclusive jurisdiction over the construction, acquisition, operation, abandonment or

discontinuance of spur, industrial team, switching or side tracks, or facilities, even if the tracks are located or intended to be located entirely in one state. Because the STB has exclusive jurisdiction over railroad operations, Plaintiff's claims are precluded by the ICCTA.

<u>Seventeenth Affirmative Defense (Preclusion under the HMTA)</u>

18.    Plaintiff's claims regarding Norfolk Southern's handing and transportation of any hazardous materials are precluded by the Hazardous Materials Transportation Act (HMTA).

<u>Eighteenth Affirmative Defense (Incorporation by Reference)</u>

19.    Defendants reserve the right to assert any additional defenses that may be disclosed during the course of discovery or additional investigation.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants Norfolk Southern Corporation and Norfolk Southern Railway deny that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, and respectfully seek the following:

A.    That judgment is entered in favor of Norfolk Southern Corporation and Norfolk Southern Railway consistent with Norfolk Southern's answers to the Amended Complaint and as asserted in its affirmative defenses.

B.    That the Court tax costs in this action against Plaintiff.

C.    Any further or additional relief to which Defendants may be entitled.

**<u>DEMAND FOR JURY TRIAL</u>**

Defendants respectfully request trial by jury on all claims so triable.

Date: June 16, 2023                         Respectfully submitted,


By: <u>/s/ *Davina Pujari*      </u>
Davina Pujari (admitted *pro hac vice*)

WILMER CUTLER PICKING HALE
AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1136
Facsimile: (628) 235-1001
Davina.Pujari@wilmerhale.com

Edward O'Callaghan (admitted *pro hac vice*)
WILMER CUTLER PICKING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6956
Facsimile: (202) 663-6363
Edward.O'Callaghan@wilmerhale.com

Claire Guehenno (admitted *pro hac vice*)
WILMER CUTLER PICKING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6524
Facsimile: (212) 230-8888
Claire.Guehenno@wilmerhale.com

Christopher A. Rheinheimer (admitted *pro hac vice*)
WILMER CUTLER PICKING HALE
AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
Chris.Rheinheimer@wilmerhale.com

Louis L. McMahon (0067378)
MCMAHON DEGULIS LLP
812 Huron Road, Suite 650
Cleveland, OH 44115
Telephone: (216) 367-1407
lmcmahon@mdllp.net


*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I caused a copy of the foregoing to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

/s/ *Davina Pujari*
*Counsel for Defendants*