# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE STATE OF OHIO, ex rel. DAVE YOST, OHIO ATTORNEY GENERAL, | Civ. Action No.: 4:23CV517<br>4:23CV675 |
| and | |
| THE UNITED STATES OF AMERICA | Hon. John R. Adams |
| Plaintiffs, | |
| v. | |
| NORFOLK SOUTHERN RAILWAY COMPANY and NORFOLK SOUTHERN CORPORATION, | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| OXY VINYLS LP, GATX CORPORATION, GENERAL AMERICAN MARKS COMPANY, TRINITY INDUSTRIES LEASING COMPANY, SMBC RAIL SERVICES LLC, DOW CHEMICAL INCORPORATED, and UNION TANK CAR COMPANY, | |
| Third-Party Defendants. | |

**MEMORANDUM IN SUPPORT OF THE DOW CHEMICAL COMPANY'S MOTION TO DISMISS NORFOLK SOUTHERN RAILWAY COMPANY'S AND NORFOLK SOUTHERN CORPORATION'S THIRD-PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .....................................................................................................................................3

I.    NORFOLK SOUTHERN HAS FAILED TO PLAUSIBLY STATE A CERCLA SECTION 107 COST RECOVERY CLAIM AGAINST DOW ..........................................4

     A.    Norfolk Southern Has Not Alleged that Dow is Liable for the Disposal of a CERCLA "Hazardous Substance" .......................................................................4

     B.    Norfolk Southern Has Not Alleged that Dow is Liable as the Owner or Operator of the CERCLA Facility At Which Hazardous Substances were Disposed Of ...........................................................................................................7

II.   NORFOLK SOUTHERN HAS FAILED TO PLAUSIBLY STATE A CERCLA SECTION 113 CONTRIBUTION CLAIM AGAINST DOW ............................................9

III.  NORFOLK SOUTHERN HAS FAILED TO PLAUSIBLY STATE A CERCLA SECTION 113 DECLARATORY JUDGMENT CLAIM AGAINST DOW ...................10

IV.  NORFOLK SOUTHERN'S COMMON LAW EQUITABLE CONTRIBUTION CLAIM SHOULD BE DISMISSED ...............................................................................10

V.   NORFOLK SOUTHERN'S THIRD-PARTY COMPLAINT SHOULD BE DISMISSED FOR ADDITIONAL REASONS ................................................................13

CONCLUSION................................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Premier Underwriters, Inc. v. Gen. Elec. Co.*,
   14 F.4th 560 (6th Cir. 2021) ...................................................................................8, 9

*Am. Premier Underwriters, Inc. v. Gen. Elec. Co.*,
   No. 05-5754, 2008 WL 11351545 (S.D. Ohio Aug. 1, 2008) ..................................12

*Amini v. Oberlin College*,
   259 F.3d 493 (6th Cir. 2011) .................................................................................6, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................3, 11

*Bevan & Assocs., LPA v. Yost*,
   929 F.3d 366 (6th Cir. 2019) ......................................................................................8

*Burlington Northern & Santa Fe Ry. v. United States*,
   556 U.S. 599 (2009) ..........................................................................................4, 7, 9

*Ohio ex rel. Dewine v. Breen*,
   362 F. Supp. 3d 420 (S.D. Ohio 2019) ......................................................................4

*Gavitt v. Born*,
   835 F.3d 623 (6th Cir. 2016) ......................................................................................3

*Helter v. AK Steel Corp.*,
   No. C-1-96-527, 1997 WL 34703718 (S.D. Ohio Mar. 31, 1997) ............................7

*Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*,
   923 F. Supp. 2d 1086 (S.D. Ohio 2013) ..................................................................10

*IMG Worldwide, Inc. v. Westchester Fire Ins. Co.*,
   No. 1:11 CV 1594, 2015 U.S. Dist. LEXIS 114659
   (N.D. Ohio Aug. 28, 2015) ................................................................................11, 12

*Kalamazoo River Study Grp. v. Menasha Corp.*,
   228 F.3d 648 (6th Cir. 2000) ......................................................................................9

*Lawhead v. Brookwood Mgmt. Co., LLC*,
   No. 5:22-cv-00886, 2023 WL 2691718
   (N.D. Ohio Mar. 29, 2023) ...........................................................................3, 5, 6, 11

*Pa. Gen. Ins. Co. v. Park-Ohio Indus., Inc.*,
 902 N.E.2d 53 (Ohio App. 2008) ............................................................................... 11, 12

*Regional Airport Authority of Louisville v. LFG, LLC*,
 460 F.3d 697 (6th Cir. 2006) ............................................................................................ 12

*Republic Bank & Tr. Co. v. Bear Stearns & Co. Inc.*,
 683 F.3d 239 (6th Cir. 2012) .............................................................................................. 3

*Ryland Group, Inc. v. Payne Firm, Inc.*,
 492 F. Supp. 2d 790 (S.D. Ohio 2005) .............................................................................. 9

*Saginaw Chippewa Indian Tribe v. Blue Cross Blue Shield*,
 32 F.4th 548 (6th Cir. 2022) .............................................................................................. 7

*Thompson v. Greenwood*,
 507 F.3d 416 (6th Cir. 2007) .............................................................................................. 8

## STATUTES

33 U.S.C.
 § 1317(a) ............................................................................................................................ 5
 § 1321(b)(2)(A) .................................................................................................................. 5

42 U.S.C.
 § 6903(3) ............................................................................................................................ 8
 § 6903(5) ............................................................................................................................ 5
 § 6903(27) .......................................................................................................................... 5
 § 6921(a) ............................................................................................................................ 5
 § 7412(b) ............................................................................................................................ 6
 § 9601(9) ............................................................................................................................ 8
 § 9601(14) ...................................................................................................................... 4, 5
 § 9601(14)(A) .................................................................................................................... 5
 § 9601(14)(B) .................................................................................................................... 5
 § 9601(14)(C) .................................................................................................................... 5
 § 9601(14)(D) .................................................................................................................... 5
 § 9601(14)(E) .................................................................................................................... 6
 § 9601(14)(F) .................................................................................................................... 6
 § 9601(20)(B) .................................................................................................................. 13
 § 9601(29) .......................................................................................................................... 8
 § 9602(a) ............................................................................................................................ 5
 § 9607(a)(1)-(4) ................................................................................................................. 4
 § 9607(a)(2) .................................................................................................................. 2, 8
 § 9613(f)(1) ........................................................................................................................ 9
 § 9613(g)(2) ..................................................................................................................... 10

**TREATISES**

18 Am. Jur. 2d (2004) ...................................................................................................11

**REGULATIONS**

40 C.F.R.
    § 116.4 ..........................................................................................................................5
    § 261.30 ........................................................................................................................5
    § 302.4 ......................................................................................................................4, 5
    § 401.15 ........................................................................................................................5

**PRELIMINARY STATEMENT**

The Third-Party Complaint revolves around Norfolk Southern Railway Company's and Norfolk Southern Corporation's (collectively, "Norfolk Southern") efforts to foist the costs of addressing environmental contamination in East Palestine, Ohio resulting from its February 3, 2023 Train 32N derailment onto others. Its efforts to blame The Dow Chemical Company, incorrectly named as Dow Chemical Incorporated ("Dow") – alleged to be the owner of a single train car that did not cause the derailment and that was not carrying a hazardous substance – fail as a matter of law. Indeed, Norfolk Southern's allegations against Dow are extremely limited: (1) Dow was the owner of only one railcar, DOWX73168 ("Car 36"), on Norfolk Southern Train 32N, (2) Car 36 contained 2-ethyl hexyl acrylate, and (3) as a result of the derailment of Train 32N, 2-ethyl hexyl acrylate was disposed of into the environment in East Palestine. Based on these three factual allegations, Norfolk Southern contends that Dow is liable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and under the Ohio common law doctrine of equitable contribution. But these narrow factual allegations do not – and cannot – plausibly state any CERCLA or equitable contribution claims against Dow as a matter of law because Dow did not dispose of a hazardous substance in East Palestine. Norfolk Southern's claims against Dow should be dismissed for numerous independent reasons.

At the outset, Norfolk Southern's CERCLA Section 107 cost recovery claim fails because 2-ethyl hexyl acrylate is not a CERCLA "hazardous substance." Without any connection to a designated CERCLA "hazardous substance," Dow necessarily cannot be liable under CERCLA as a matter of law. That is reason enough to dismiss Norfolk Southern's CERCLA cost recovery claim (Count I) against Dow.

Yet even if 2-ethyl hexyl acrylate were a CERCLA "hazardous substance" (and it is not), Norfolk Southern's CERCLA cost recovery claim still fails because, as a matter of law, Dow is not a liable party. Norfolk Southern alleges that Dow is liable under Section 107(a)(2) of CERCLA, which requires that "at the time of disposal of any hazardous substance [Dow] owned or operated any facility *at which* such hazardous substances were disposed of[.]" 42 U.S.C. § 9607(a)(2) (emphasis added). The relevant CERCLA facility *at which* hazardous substances were disposed of, and for which Norfolk Southern is seeking to recover costs, is the environment in East Palestine. Dow indisputably was not the owner or operator of any area in East Palestine at the time any hazardous substances were disposed of as a result of Train 32N's derailment. As Dow cannot be a liable party under Section 107(a)(2) of CERCLA, for this additional reason Norfolk Southern's CERCLA cost recovery claim (Count I) should be dismissed. And without that claim, Norfolk Southern's CERCLA Section 113 contribution claim (Count III) and CERCLA Section 113 declaratory judgment claim (Count V) likewise should be dismissed, as those claims cannot succeed in the absence of Section 107 liability.

Finally, Norfolk Southern's claim against Dow for equitable contribution under Ohio common law (Count X) also fails as a matter of law. The doctrine of equitable contribution requires that Dow and Norfolk Southern share a common liability for the environmental contamination resulting from Train 32N's derailment. Norfolk Southern's only asserted basis for liability against Dow is CERCLA. As Norfolk Southern's CERCLA claims fail to state plausible claims for relief, there cannot be any common liability between Norfolk Southern and Dow. Consequently, Norfolk Southern's equitable contribution claim fails as a matter of law. And even if Norfolk Southern's CERCLA claims survive dismissal, its equitable contribution claim

still should be dismissed because the Sixth Circuit has held that CERCLA provides an adequate legal remedy that bars equitable claims.

For each of these independent reasons, Dow's conduct as alleged in this case does not give rise to liability under CERCLA or common law equitable contribution. Norfolk Southern's Third-Party Complaint fails to state any claims against Dow and should be dismissed as a matter of law.

## **ARGUMENT**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading must contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[1] *Lawhead v. Brookwood Mgmt. Co.*, LLC, No. 5:22-cv-00886, 2023 WL 2691718, at *2 (N.D. Ohio Mar. 29, 2023) (Adams, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must allow the court to "draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Mere "'labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Republic Bank & Tr. Co. v. Bear Stearns & Co. Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor do legal conclusions, which are not entitled to a presumption of truth, suffice to state a plausible claim. *Id.* Rather, "[a]fter legal conclusions are disregarded, the complaint must set forth facts that 'raise a right to relief above the speculative level'" and reach "plausibility." *Lawhead*, 2023 WL 2691718, at *2 (quoting *Twombly*, 550 U.S. at 555).

---

[1] For purposes of this motion to dismiss only, and although Dow denies any and all liability, Dow accepts as true Norfolk Southern's factual allegations.

3

**I.  NORFOLK SOUTHERN HAS FAILED TO PLAUSIBLY STATE A CERCLA SECTION 107 COST RECOVERY CLAIM AGAINST DOW**

Norfolk Southern's CERCLA Section 107 cost recovery claim should be dismissed because, as a matter of law, 2-ethyl hexyl acrylate is not a "hazardous substance."  In addition, although Section 107 provides four categories of potentially liable parties – (1) current owner or operator of a facility; (2) "a person who at the time of disposal of a hazardous substance owned or operated any facility at which such hazardous substances were disposed of"; (3) persons who arranged for the disposal or treatment of hazardous substances; and (4) persons who transported hazardous substances for disposal or treatment – Norfolk Southern's Third-Party Complaint only alleges that Dow is liable under Section 107(a)(2).  42 U.S.C. § 9607(a)(1)-(4); [Third Party Compl. ¶ 164 ("Railcar Owner Defendants are persons liable under Section 107(a)(2) of CERCLA").]  But Dow is not a liable party under Section 107(a)(2) as a matter of law.

**A.  Norfolk Southern Has Not Alleged that Dow is Liable for the Disposal of a CERCLA "Hazardous Substance"**

Liability under CERCLA Section 107 necessarily requires a qualifying "hazardous substance."  42 U.S.C. § 9607(a)(1)-(4).  "CERCLA defines 'hazardous substance' to include a variety of chemicals and toxins including those designated by [the United States Environmental Protection Agency ("USEPA")] as air pollutants, water pollutants, and solid wastes." *Burlington Northern & Santa Fe Ry. v. United States*, 556 U.S. 599, 612 n.8 (2009) (citing 42 U.S.C. § 9601(14)); *Ohio ex rel. Dewine v. Breen*, 362 F. Supp. 3d 420, 436 (S.D. Ohio 2019) ("CERCLA refers to other federal environmental statutes when classifying 'hazardous substances.'") (citing 42 U.S.C. § 9601(14)).

Norfolk Southern alleges that 2-ethyl hexyl acrylate is a CERCLA "hazardous substance" because it meets the definition of a "hazardous substance" under CERCLA and as defined in 40 C.F.R. 302.4.  [Third Party Compl. ¶ 164(k).]  This bare legal conclusion is not entitled to any

4

presumption of truth and should be disregarded in determining whether Norfolk Southern has pled a plausible CERCLA Section 107 cost recovery claim against Dow. *Lawhead*, 2023 WL 2691718, at *2 (legal conclusions to be disregarded in evaluating whether pleading states plausible claim for relief). And this legal conclusion is incorrect in any event because 2-ethyl hexyl acrylate is not a CERCLA "hazardous substance" as a matter of law.

CERCLA comprehensively defines a "hazardous substance" by incorporating substances identified in or designated through other federal environmental statutes. 42 U.S.C. § 9601(14). 2-ethyl hexyl acrylate is simply not a "hazardous substance" under any prong of CERCLA's "hazardous substance" definition:

1. "Substance designated pursuant to section 311(b)(2)(A) of the Federal Water Pollution Control Act," 42 U.S.C. § 9601(14)(A) – 2-ethyl hexyl acrylate is *not* designated on the Section 311(b)(2)(A) Federal Water Pollution Control Act (now known as the Clean Water Act) list or corresponding regulation. 33 U.S.C. § 1321(b)(2)(A) (authorizing designation of Clean Water Act hazardous substances); 40 C.F.R. § 116.4 (list of Clean Water Act hazardous substances).

2. "Element, compound, mixture, solution or substance designated pursuant to section 102" of CERCLA, 42 U.S.C. § 9601(14)(B) – 2-ethyl hexyl acrylate is *not* designated pursuant to Section 102 of CERCLA and its corresponding list of hazardous substances. 42 U.S.C. § 9602(a) (authorizing designation of CERCLA hazardous substances); 40 C.F.R. § 302.4 (list of CERCLA hazardous substances).

3. "Any hazardous waste having the characteristics identified under or listed pursuant to section 3001 of the Solid Waste Disposal Act," 42 U.S.C. § 9601(14)(C) – 2-ethyl hexyl acrylate is *not* a "hazardous waste" because it was not a "waste" at all, but was a useful product within Car 36. 42 U.S.C. § 6903(5) (defining "hazardous waste" as a type of "solid waste"); 42 U.S.C. § 6903(27) (defining "solid waste" as "garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other discarded material"); 42 U.S.C. § 6921(a) (authorizing listing of specific "hazardous waste"); 40 C.F.R. § 261.30, Appendix VII and VIII (lists of "hazardous waste").

4. "Toxic pollutant listed under section 307(a) of the Federal Water Pollution Control Act," 42 U.S.C. § 9601(14)(D) – 2-ethyl hexyl acrylate is *not* listed under Section 307 of the Clean Water Act or the corresponding regulation.

33 U.S.C. §1317(a) (authorizing list of Clean Water Act toxic pollutants); 40 C.F.R. § 401.15 (list of Clean Water Act toxic pollutants).

5. <u>"Hazardous air pollutant listed under Section 112 of the Clean Air Act,"</u> 42 U.S.C. § 9601(14)(E) – 2-ethyl hexyl acrylate is ***not*** listed under Section 112 of the Clean Air Act. 42 U.S.C. § 7412(b) (list of Clean Air Act hazardous air pollutants).

6. <u>"Imminently hazardous chemical substance or mixture with respect to which the Administrator [of the United States Environmental Protection Agency ("USEPA")] has taken action pursuant to section 7 of the Toxic Substances Control Act,"</u> 42 U.S.C. § 9601(14)(F) – USEPA has not taken any action pursuant to Section 7 of the Toxic Substances Control Act, 15 U.S.C. § 2606, with respect to 2-ethyl hexyl acrylate, and at a minimum, Norfolk Southern has not pled any facts to indicate otherwise. *Lawhead*, 2023 WL 2691718, at *2.

Also, 2-ethyl hexyl acrylate does not appear on USEPA's "list of lists," which is, by design, a "consolidated chemicals list" of substances subject to CERCLA, among other statutes. [USEPA, List of Lists: Consolidated List of Chemicals Subject to the Emergency Planning and Community Right-To-Know Act (EPCRA), Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), and Section 112(r) of the Clean Air Act (CAA) at ii (Dec. 2022), attached to Ex. 1, Coughlin Decl. at Ex. A.][2]

Further, 2-ethyl hexyl acrylate is ***not*** identified as a "hazardous substance" in the Unilateral Administrative Order ("UAO") USEPA issued to Norfolk Southern relating to Train 32N's derailment. [USEPA, *In the Matter of East Palestine Train Derailment Site*, Unilateral Administrative Order for Removal Actions, CERCLA Docket No. V-W-23-C-004 (Feb. 21, 2023), at ¶ 25(e) ("The contaminants vinyl chloride, benzene, and butyl acrylate found at the Site, identified in the Findings of Fact above, are each a 'hazardous substance' as defined by

---

[2] This Court, of course, may consider matters of public record in deciding Dow's motion to dismiss without converting Dow's motion to one for summary judgment. *See*, *e.g.*, *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2011). USEPA's "list of lists" is publicly available at https://www.epa.gov/system/files/documents/2022-12/List_of_Lists_Compiled_December%202022.pdf.

Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) that may present an imminent and substantial danger to public health and welfare"), attached to Ex. 1, Coughlin Decl. at Ex. B.][3]

As 2-ethyl hexyl acrylate is not a "hazardous substance" under CERCLA, Norfolk Southern's CERCLA Section 107 cost recovery claim necessarily fails at the threshold. *Helter v. AK Steel Corp.*, No. C-1-96-527, 1997 WL 34703718, at *17-*18 (S.D. Ohio Mar. 31, 1997) (CERCLA claim requires "that the substance in question is a hazardous substance"). Count I should be dismissed against Dow.

> **B.** **Norfolk Southern Has Not Alleged that Dow is Liable as the Owner or Operator of the CERCLA Facility At Which Hazardous Substances were Disposed Of**

Even if 2-ethyl hexyl acrylate were a CERCLA "hazardous substance" (and it is not), Norfolk Southern's CERCLA Section 107 cost recovery claim still fails because Dow is not, based on Norfolk Southern's own allegations, the owner or operator of the CERCLA facility *at which* hazardous substances were disposed of: the environment in East Palestine.

Norfolk Southern alleges that it has incurred and will incur response costs to address hazardous substances in the environment in East Palestine for which Dow is a liable party under Section 107(a)(2) of CERCLA. [*See*, *e.g.*, Third-Party Complaint ¶ 159 ("Norfolk Southern has paid millions of dollars and will continue to pay for the comprehensive environmental response in East Palestine.") and ¶ 164 (Dow is a "person[] liable under Section 107(a)(2) of CERCLA.").] A straightforward reading of CERCLA's text reveals that Norfolk Southern's CERCLA cost recovery claim against Dow under Section 107(a)(2) fails as a matter of law. *See*, *e.g.*, *Burlington Northern*, 556 U.S. at 610 (explaining CERCLA liability "may not extend

---

[3] This Court likewise may consider the UAO issued to Norfolk Southern on Dow's motion to dismiss because Norfolk Southern specifically refers to the UAO in paragraphs 155 and 156 of its Third-Party Complaint. The UAO also is referenced in paragraph 56 and 57 of Plaintiffs' Amended Complaint. *Amini*, 259 F.3d at 502 (court may consider documents "referred to" in complaint on motion to dismiss).

7

beyond the limits of the statute itself."); *Saginaw Chippewa Indian Tribe v. Blue Cross Blue Shield*, 32 F.4th 548, 557 (6th Cir. 2022) ("A fundamental canon of statutory construction is that when interpreting statutes, the language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear.") (quoting *Thompson v. Greenwood*, 507 F.3d 416, 419 (6th Cir. 2007)); *Bevan & Assocs., LPA v. Yost*, 929 F.3d 366, 373 (6th Cir. 2019) ("starting point for statutory interpretation is the text of the statute itself.").

Section 107(a)(2) unambiguously provides that Dow may be a liable party if "at the time of disposal of any hazardous substance [Dow] owned or operated any facility at which such hazardous substances were disposed of." 42 U.S.C. § 9607(a)(2).[4] Norfolk Southern seeks to recover past and future costs to address hazardous substances in the environment in East Palestine. [*See, e.g.*, Third-Party Complaint ¶¶ 2, 159.] Accordingly, the CERCLA "facility" ***at which*** Norfolk Southern alleges a hazardous substance was disposed of and for which Norfolk Southern seeks cost recovery is the ***environment in East Palestine***, not Dow's Car 36. *See Am. Premier Underwriters, Inc. v. Gen. Elec. Co.*, 14 F.4th 560, 574 (6th Cir. 2021) (Section 107(a)(2) imposes liability on "'any person who … owned or operated any facility' ***where*** 'hazardous substances were disposed' 'at the time of disposal.'" (quoting 42 U.S.C. § 9607(a)(2)) (emphasis added); 42 U.S.C. § 9601(9) (CERCLA "facility" means, among other things, "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located"); 42 U.S.C. § 9601(29) (incorporating 42 U.S.C. § 6903

---

[4] Norfolk Southern conveniently omitted the crucial "at which" language from its recitation of Section 107(a)(2) in its Third-Party Complaint. [Third-Party Complaint ¶ 125 (pleading that Section 107(a)(2) states "'any person who at the time of disposal of any hazardous substance owned or operated' the facility.") (quoting 42 U.S.C. § 9607(a)(2)); *id.* ¶ 162 (same).]

definition of "disposal" into CERCLA); 42 U.S.C. § 6903(3) (defining "disposal" to require material to reach "land or water" so that it "may enter the environment").

Norfolk Southern does not – and cannot – allege that Dow was the owner or operator of any area in East Palestine where and at the time hazardous substances were disposed of. [*See* Third-Party Compl. *generally*.] Norfolk Southern's allegation that Dow owned Car 36 is insufficient to plausibly state that Dow is a liable party under Section 107(a)(2), as Car 36 is not the relevant CERCLA "facility" at issue. [*Id.* ¶ 164(e).]; *Am. Premier Underwriters*, 14 F.4th at 574.

All Dow did, based on Norfolk Southern's allegations, is own a railcar transporting a useful product. This singular connection to Train 32N does not impute CERCLA liability to Dow. *Cf. Burlington Northern*, 556 U.S. at 611-12 (holding manufacturer of useful product that leaked into the environment elsewhere was not liable under CERCLA as a party that arranged for the disposal of a hazardous substance). As Dow was not the owner or operator of the area in East Palestine "at which" (*i.e.*, where) hazardous substances were allegedly disposed of at the time of the disposal, Norfolk Southern cannot state a plausible CERCLA Section 107(a)(2) cost recovery claim against Dow. Count I of Norfolk Southern's Third-Party Complaint should be dismissed against Dow.

II.     **NORFOLK SOUTHERN HAS FAILED TO PLAUSIBLY STATE A CERCLA SECTION 113 CONTRIBUTION CLAIM AGAINST DOW**

The liability standard for a CERCLA contribution claim under Section 113 (Count III) is the same as the liability standard for a CERCLA cost recovery claim under Section 107 (Count I). *Kalamazoo River Study Grp. v. Menasha Corp.*, 228 F.3d 648, 656 (6th Cir. 2000) ("parties seeking contribution under § 113(f) must look to § 107 to establish the basis and elements of the liability of the defendants."). Where, as here, Norfolk Southern cannot plead a plausible

9

CERCLA Section 107 cost recovery claim, its CERCLA Section 113 contribution claim also fails as a matter of law. *Id.*; 42 U.S.C. § 9613(f)(1) ("A person may seek contribution from any person who is liable or potentially liable under section 107(a)"); *Ryland Group, Inc. v. Payne Firm, Inc.*, 492 F. Supp. 2d 790, 793-94 (S.D. Ohio 2005) (dismissing CERCLA Section 113 contribution claim where defendant was not liable under CERCLA Section 107(a)). Count III of Norfolk Southern's Third-Party Complaint should be dismissed against Dow.

### III. NORFOLK SOUTHERN HAS FAILED TO PLAUSIBLY STATE A CERCLA SECTION 113 DECLARATORY JUDGMENT CLAIM AGAINST DOW

As Norfolk Southern's CERCLA Section 107 claim fails, its CERCLA Section 113(g)(2) claim for a declaratory judgment (Count V) also should be dismissed. Just like Norfolk Southern's CERCLA Section 113(f) contribution claim, declaratory relief under CERCLA Section 113(g)(2) is contingent upon a finding that the party is liable under Section 107. 42 U.S.C. § 9613(g)(2) ("In any such action [for cost recovery under Section 107], the court shall enter a declaratory judgment ***on liability*** for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.") (emphasis added); *Hobart Corp. v. Waste Mgmt. of Ohio, Inc.*, 923 F. Supp. 2d 1086, 1096-97 (S.D. Ohio 2013) (sustaining prior decision to dismiss CERCLA declaratory judgment claim because "the viability of the declaratory judgment claim hinges on the viability of the substantive CERCLA claims" and "Plaintiffs have no viable cost recovery claim under §107(a)"). Norfolk Southern's Section 113(g)(2) declaratory judgment claim thus cannot stand alone. Count V of Norfolk Southern's Third-Party Complaint should be dismissed as to Dow.

### IV. NORFOLK SOUTHERN'S COMMON LAW EQUITABLE CONTRIBUTION CLAIM SHOULD BE DISMISSED

Norfolk Southern's equitable contribution claim against Dow (Count X) also fails as a matter of law because Norfolk Southern has not plausibly alleged that it shares a common

10

liability with Dow.  Norfolk Southern does not allege that Dow's Car 36 was improperly maintained, that Dow's Car 36 caused the derailment in East Palestine, or that Dow was somehow negligent.  Rather, the only basis Norfolk Southern has asserted for Dow's alleged liability is CERCLA, but those claims fail as a matter of law, and as a result cannot serve as the common liability prerequisite for an Ohio equitable contribution claim.  And even if Norfolk Southern's CERCLA claims survive dismissal (and they should not), its equitable contribution claim still must be dismissed because if there is a CERCLA claim at all, it provides Norfolk Southern an adequate legal remedy and bars equitable claims under binding Sixth Circuit precedent.

An equitable contribution claim presupposes that Norfolk Southern has paid more than its fair share for a legal obligation that Norfolk Southern and Dow jointly owe:  "The general rule of contribution is that 'one who is compelled to pay or satisfy the whole to bear more than his or her just share of a common burden or obligation, upon which several persons are equally liable is entitled to contribution against the others to obtain from them payment of their respective shares.'"  *Pa. Gen. Ins. Co. v. Park-Ohio Indus., Inc.*, 902 N.E.2d 53, 59 (Ohio App. 2008) (quoting 18 Am. Jur. 2d (2004), Contribution, Section 1).  If parties do not owe a common liability, equitable contribution is inapplicable.  *See, e.g., IMG Worldwide, Inc. v. Westchester Fire Ins. Co.*, No. 1:11 CV 1594, 2015 U.S. Dist. LEXIS 114659, at *28 (N.D. Ohio Aug. 28, 2015) ("Equitable contribution is inapplicable under the facts of this case.  Westchester was not primarily or even jointly liable for the defense costs under the provisions of its contract with IMG.").

As an initial matter, as part of its equitable contribution claim, Norfolk Southern has not expressly pled any facts to plausibly state a basis for common liability with Dow.  [Third-Party

Compl. ¶¶ 233-34]; *Lawhead*, 2023 WL 2691718, at *2; *Twombly*, 550 U.S. at 555. In addition, nowhere in the Third-Party Complaint does Norfolk Southern allege that Dow's conduct in any way caused the derailment or that Dow's Car 36 was improperly maintained. [Third-Party Compl. at 3 ("A bearing on [Car 23] failed and the car derailed. In turn, several railcars on Train 32N derailed."); *id.* ¶ 48(b) (identifying Dow's Car 36 as one of the railcars that was "breached in the derailment"); *id.* ¶¶ 189-227 (pleading negligence claims against third-party defendants other than Dow).] Rather, Norfolk Southern's sole basis for any alleged liability against Dow is limited to CERCLA (Counts I, III, and V). Those claims should be dismissed for the reasons explained above. Consequently, Norfolk Southern's equitable contribution claim should be dismissed because there is no legal basis that could substantiate a common liability between Norfolk Southern and Dow. *Pa. Gen. Ins. Co.*, 902 N.E.2d at 59; *IMG Worldwide, Inc.*, 2015 U.S. Dist. LEXIS 114659, at *28.

Even if one or more of Norfolk Southern's CERCLA claims survive dismissal (which they should not), Norfolk Southern's equitable contribution claim still should be dismissed because it would then be barred as CERCLA provides an adequate legal remedy. As the Sixth Circuit squarely held in *Regional Airport Authority of Louisville v. LFG, LLC*, "CERCLA provides a statutory means of determining environmental cleanup liability, which essentially 'trumps' any extra-statutory liability in equity." 460 F.3d 697, 711 (6th Cir. 2006); *see also Am. Premier Underwriters, Inc. v. Gen. Elec. Co.*, No. 05-5754, 2008 WL 11351545, *43-44 (S.D. Ohio Aug. 1, 2008) (dismissing equitable contribution claim because "contribution and indemnity are both equitable remedies regardless of how they are couched, and are therefore subject to the rule set forth in *Regional Airport*."). Norfolk Southern's claim for equitable contribution against Dow (Count X) should be dismissed.

## V. NORFOLK SOUTHERN'S THIRD-PARTY COMPLAINT SHOULD BE DISMISSED FOR ADDITIONAL REASONS

Dow joins in and incorporates by references the additional arguments for dismissal asserted by other third-party defendants in this action, including that Dow cannot be an "owner or operator" under CERCLA because Norfolk Southern, as the common carrier, is statutorily the "owner or operator" of hazardous substances accepted for transportation under 42 U.S.C. § 9601(20)(B).

## CONCLUSION

For the foregoing independent reasons, the Court should dismiss Norfolk Southern's claims against Dow for failure to state a claim upon which relief can be granted.

Dated: September 15, 2023	Respectfully submitted,

By: /s/ James D. Robenalt

James D. Robenalt (0022165)
Timothy J. Coughlin (0019483)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Telephone: (216) 566-5500
Email: jim.robenalt@thompsonhine.com
Email: tim.coughlin@thompsonhine.com

Mary Rose Alexander (*pro hac vice* pending)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: mary.rose.alexander@lw.com

Kegan A. Brown (NY4562021)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: kegan.brown@lw.com

*Attorneys for Third-Party Defendant*
*The Dow Chemical Company*

## LOCAL RULE 7.1(f) CERTIFICATION

This case has not yet been assigned a certain track. This Memorandum adheres to the page limitations set forth in Local Rule 7.1.

/s/ James D. Robenalt
James D. Robenalt

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 15, 2023, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ James D. Robenalt
James D. Robenalt
