UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **United States of America, et al.,** | ) <br> ) <br> ) CASE NO. 4:23CV517 <br> ) <br> ) <br> ) JUDGE JOHN R. ADAMS <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) |
| **Plaintiff(s),** | |
| vs. | |
| **Norfolk Southern Co., et al.,** | |
| **Defendant(s).** | |

Pending before the Court is the United States' motion to strike affirmative defenses raised by Defendants Norfolk South Corporation and Norfolk Southern Railway Company (collectively, "Norfolk Southern").  Doc. 34.  Norfolk Southern has apposed the motion (Doc. 54) and the Government has replied in support.  Doc. 62.  Upon review, the motion is GRANTED IN PART and DENIED IN PART as detailed below.

Fed.R.Civ.P. 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). The function of the motion is to "avoid the expenditure of time and money that must arise from litigating

spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir.1986) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983)). A motion to strike should be granted if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir.1991) (citations and internal quotation marks omitted).

The Government contends that the following affirmative defenses pled by Norfolk Southern should be stricken.

<u>Seventh Affirmative Defense (No Cost Recovery for Ineffective Costs)</u>

8. Defendants are not liable for any response costs incurred by Plaintiff, if any, for removal or remedial actions that were not and are not "cost-effective" pursuant to CERCLA Section 121, 42 U.S.C. § 9621.

<u>Eighth Affirmative Defense (No Cost Recovery for De Micromis Material)</u>

9. Defendants are not liable for any response costs incurred by Plaintiff, if any, that are de micromis as defined in CERCLA Section 107(o), 42 U.S.C. § 9607(o).

<u>Twelfth Affirmative Defense (Failure to Mitigate)</u>

13. Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize its damages, if any, and this failure to mitigate damages alone caused, contributed to, or aggravated any damages or injuries to Plaintiff, if any, and therefore precludes or reduces any recovery against Defendants.

<u>Fourteenth Affirmative Defense (Limitation of Damages)</u>

15. Defendants are entitled to all applicable limitation of damages and apportionment of liability to unnamed parties available under Ohio Revised Code Sections 2307.22, 2307.23 and 2307.28.

<u>Fifteenth Affirmative Defense (Preclusion under the FRSA)</u>

16. Certain of Plaintiff's claims and claims are precluded by the Federal Railway Safety Act (FRSA), which is intended to ensure national uniformity in the application of federal safety regulation in all areas of railroad operations. The FRSA contains an express preclusion clause stating that "laws, regulations, and orders

related to railroad safety shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106(a).

<u>Sixteenth Affirmative Defense (Preclusion under the ICCTA)</u>

17. Certain of Plaintiff's claims are precluded by the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. § 10501, which gives the federal Surface Transportation Board ("STB") exclusive jurisdiction to regulate rail transportation and precludes any remedies that would intrude on the STB's authority. The ICCTA grants to the STB exclusive jurisdiction over the construction, acquisition, operation, abandonment or discontinuance of spur, industrial team, switching or side tracks, or facilities, even if the tracks are located or intended to be located entirely in one state. Because the STB has exclusive jurisdiction over railroad operations, Plaintiff's claims are precluded by the ICCTA.

<u>Seventeenth Affirmative Defense (Preclusion under the HMTA).</u>

18. Plaintiff's claims regarding Norfolk Southern's handing and transportation of any hazardous materials are precluded by the Hazardous Materials Transportation Act (HMTA).

Doc. 28. The Government correctly notes that Norfolk Southern has not challenged its motion with respect to its eighth and fourteenth affirmative defenses. Accordingly, Norfolk Southern has effectively abandoned those defenses, and they are hereby stricken from the answer.

The Government next contends that this is a removal action and that it therefore has no obligation to consider the cost effectiveness of its cleanup options. As a colleague on this Court has noted, "[w]hile the [national contingency] Plan requires that remedial action measures be cost effective, there is no similar cost effective requirement for removal actions like the one before the Court." *United States v. Chrysler Corp.*, 168 F. Supp. 2d 754, 765 (N.D. Ohio 2001). Accordingly, the Government's motion to strike this affirmative defense is well taken.[1]

Next, the Government asserts that affirmative defense number twelve should be stricken because it has no independent obligation to mitigate damages. In support, the Government argues:

Multiple courts have recognized that there is no duty on the United States

---

1 If Norfolk Southern believes that at some point in the future that the Government's action has morphed into a remedial action, it may seek leave to restate this affirmative defense.

> Government to mitigate its damages or response costs. *See e.g., United States v. Iron Mountain Mines, Inc.*, 812 F. Supp. 1528, 1542–43 (E.D. Cal. 1992); *United States v. Kramer*, 757 F. Supp. 397, 420 (D.N.J. 1991); *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1451 (W.D. Mich. 1989); *United States v. Marisol, Inc.*, 725 F. Supp. 833 (M.D. Pa. 1989).

Doc. 34-1 at 12. Norfolk Southern has offered no legal authority that suggests that the Government has a duty to mitigate. Instead, Norfolk Southern relies upon the fact that the Government's response must be consistent with the national contingency plan. As the Court is required to enforce that provision of CERCLA, there is no need for an independent affirmative defense regarding mitigation. Accordingly, it is hereby stricken.

The final three defenses at issue relate to Norfolk Southern's contention that CERCLA may be preempted by other federal statutes that govern the rail industry. Specifically, Norfolk Southern contends that the Federal Railway Safety Act, the Interstate Commerce Commission Termination Act, and the Hazardous Materials Transportation Act may act to preclude claims made by the Government. The Court finds that the parties' briefing is insufficient to resolve this issue at this stage of the proceedings. While it appears highly unlikely that Norfolk Southern will succeed on its claims of preclusion, the Court believes that a more developed record is necessary before deciding the issue of preclusion. Accordingly, the Court will allow those defenses to remain.

Based upon the above, the Government's motion to strike is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Date: April 10, 2024                          /s/John R. Adams
                                                          John R. Adams
                                                          U.S. District Judge