UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, et al., | ) | |
| | ) | CASE NO. 4:23CV517 |
| Plaintiff(s), | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| Norfolk Southern Co., et al., | ) | **ORDER** |
| Defendant(s). | ) | |

Pending before the Court is Defendant Norfolk Southern Corporation's motion (Doc. 121) requesting that this Court enter final judgment on certain claims that the Court found subject to dismissal.  Third-party Defendant Trinity Industries Leasing Company has opposed the motion (Doc. 123), and Norfolk has replied in support.  Doc. 132.  Upon review, the motion is DENIED.

On March 6, 2024, this Court entered an order that dismissed Norfolk's third-party complaint against Oxy Vinyls LP, GATX Corp., General American Marks Co., Trinity Industries Leasing Co., SMBC Rail Services LLC, Dow Chemical Inc., and Union Tank Car Co. Doc. 113.  Norfolk now requests that this Court find that there is no just reason for delay in the entry of final judgment of those claims thereby allowing Norfolk to take an interlocutory appeal.  The Court now reviews those arguments.

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279 (6th Cir. 1986), describes the purpose and function of Fed. R. Civ. P. 54(b) as follows:

> Rule 54(b) was a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise "what should be treated as a judicial unit for purposes of appellate jurisdiction." The rule was "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action," "where the parties demonstrated a need for making review available on some of the claims or parties before entry of final judgment as to all." It "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." By utilizing Rule 54(b), a district court "*may*, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims...."

*Id*. at 1282 (citations omitted) (emphasis in original).1   The *Corrosioneering* panel also included a nonexhaustive list of factors for this Court to consider in making its determination:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Id*. at 1282-83.

Norfolk urges that all of the above factors warrant an interlocutory appeal. The Court cannot agree. As the Court has stressed during earlier hearings, allowing the primary claims to be resolved in this matter before attempting to adjudicate these third-party complaints is a more prudent course of action. Once the totality of Norfolk's alleged liability is established, there will be a meaningful opportunity for Norfolk to seek contribution from third parties. Allowing an

---

1 While this is a two-part test, the Court finds that there can no dispute that the dismissal of Norfolk's third-party complaint is a final judgment.

interlocutory appeal at this stage of the proceedings, while a motion is pending to approve a proposed consent decree and the remaining parties are deep into discovery would not serve judicial economy. Moreover, permitting such an appeal may cause any number of unforeseen issues with the proposed decree, including reconsideration by Norfolk of its agreement or challenges by the third parties to the manner in which obligations are imposed on Norfolk. It is for these same reasons that the Court found dismissal of the third party claims appropriate. Accordingly, the request for entry of final judgment under Rule 54(b) is DENIED.

    **IT IS SO ORDERED.**

**Date: March 24, 2025**                                         */s/John R. Adams*
                                                                            **John R. Adams**
                                                                            **U.S. District Judge**