UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America, et al.,** | ) | |
| | ) | CASE NO. 4:23CV517 |
| **Plaintiff(s),** | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| **Norfolk Southern Co., et al.,** | ) | **ORDER** |
| | ) | |
| **Defendant(s).** | ) | |

Pending before the Court is a discovery dispute between Plaintiff the State of Ohio ("the State") and Defendant Norfolk Southern Co. ("Norfolk"). The parties have produced written position statements to the Court setting forth their arguments on each topic. The Court now resolves those arguments.

I.  Draft Expert Reports

Norfolk contends that several experts produced by the State admitted during depositions that they had read and/or reviewed the draft reports of other experts. Norfolk asserts that by virtue of this disclosure and the requirements of Fed.R. Civ.P. 26, the State must now provide those draft reports through discovery. A colleague on this Court has laid out the Sixth Circuit's general view of this law as follows:

> When a party designates an expert as a testifying witness, the party must disclose the identity of the expert, and, among other things, a written report setting forth a complete statement of the expert's opinions and "the data or other information considered by the witness in forming the opinions." Fed.R.Civ.P. 26(a)(2)(B). A majority of courts, including the Sixth Circuit, hold that even otherwise protected work product and attorney-client communications must be disclosed if considered

> by the expert in forming his or her opinions. *See, e.g., Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 717 (6th Cir.2006); *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed.Cir.2001); J*ohnson v. Gmeinder*, 191 F.R.D. 638, 644 (D.Kan.2000); *Karn v. Ingersoll-Rand*, 168 F.R.D. 633, 637-41 (N.D.Ind.1996) (cited by the Sixth Circuit and other circuit courts as the majority view).

*In re Com. Money Ctr., Inc., Equip. Lease Litig.*, 248 F.R.D. 532, 535–36 (N.D. Ohio 2008). At the same time, "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B). The parties' dispute meets at the crossroads of these two provisions. However, in resolving the dispute, the Court is also mindful of its own obligation to limit discovery to the "proportional needs of the case[.]" Fed.R. Civ.P. 26(b)(1).

The Court notes that Norfolk has presented a colorable argument that the draft reports are conceivably discoverable. However, for two reasons, the Court will not require their disclosure. "Courts in this Circuit have broadly construed the term considered as including anything received, reviewed, read, or authored by the expert, before or in connection with the forming of his opinion, if the subject matter relates to the facts or opinions expressed. *Painter v. Woodstream Corp.*, No. 1:18 CV 2872, 2022 WL 1308663, at *4 (N.D. Ohio Mar. 31, 2022)(quotations and citation omitted). This Court finds it doubtful that, based upon the current record, Norfolk has shown that the experts relied upon the draft reports of others. For example, Dr. Ducatman expressly disavowed any reliance on the draft reports of others. Dr. Suh noted that she reviewed the draft opinion out of professional curiosity. As such, it strains the rule to suggest that these drafts were "considered."

However, if a reviewing court were to determine that simply reviewing the drafts that cover a similar topic is sufficient to bring them within the realm of discoverable, the Court would rely upon its inherent authority to prohibit their disclosure. As noted above, Norfolk did not establish

during any deposition any substantive reliance on the draft reports. Moreover, it does not appear that Norfolk spent much time trying to determine whether the draft reports were substantively any different than the final reports that were received. In that regard, the State's response indicates that even the experts that reviewed drafts could not distinguish them substantively from final versions. As such, ordering further disclosure would not be proportionate to the needs of this case. Accordingly, the Court will not order the State to provide the draft reports of its experts to Norfolk.

    II.    Dr. Greer's materials

Norfolk contends that despite diligent efforts to obtain them, it has still not received all of the documents relied upon by Dr. Greer. In support, Norfolk notes that it received numerous emails referencing attachments, but the attachments were not included. In response, the State has noted that Dr. Greer has represented that he has produced all documents still within his control. Given those facts, the Court cannot order production of documents that one party contends either do not exist or cannot be located. Ultimately, if Norfolk believes that the absence of some documents undermines the validity of Dr. Greer's opinion, they will have the opportunity through *Daubert* motions to make such an argument.

    III.    Civil Penalties

Finally, Norfolk contends that the State has failed to provide information relative to the civil penalties it intends to seek as this matter moves forward. Initially, the Court notes that the State's witnesses have indicated that they have not performed a civil penalty calculation. As such, there is nothing to compel those witnesses to provide to Norfolk. Norfolk is correct that the State must provide all facts upon which it will rely to seek civil penalties. However, there is nothing in

the record to suggest that the State has withheld any factual information.[1]  Instead, it is clear that Norfolk seeks to understand how the State will argue for the amount of the penalties.  The State's argument for *how* the law applies to the specific facts of this case is classic work product.  The parties appear to be in agreement that the Court alone will ultimately determine the proper amount of any civil penalties.  The Court has found no authority that would suggest that the State must lay out its argument for any specific amount or highlight any particular fact upon which it intends to rely to Norfolk during discovery.  Accordingly, the Court will not order any further discovery on the issue.

    **IT IS SO ORDERED.**

**Date: August 26, 2025**                                                   */s/John R. Adams*
                                                                                **John R. Adams**
                                                                                **U.S. District Judge**

---

1  This stands in contrast to the case relied upon by Norfolk, *Cox v. Franklin Cnty. Bd. of Commissioners*, No. 2:18-CV-1631, 2019 WL 6711388, at *2 (S.D. Ohio Dec. 10, 2019).  In *Cox*, the parties conceded that an Ohio EPA employee had created a "Penalty Calculation."  No such document has been shown to exist in this matter as the witnesses have each denied having done such a calculation.