**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **STATE OF OHIO,** | : | **CASE NO.  4:23-CV-00517-JRA** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **JUDGE JOHN R. ADAMS** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NORFOLK SOUTHERN** | : | |
| **CORPORATION, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

---

### State of Ohio's Motion to Stay *Daubert* Briefing

---

At the close of business last Friday, August 29, 2025, Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company ("Norfolk Southern") filed six *Daubert* motions, seeking to exclude all but one of Ohio's designated experts. On Tuesday, September 2, after the Labor Day weekend, Ohio reached out to Norfolk Southern indicating its intent to file the instant motion. Ohio and Norfolk Southern conferred on September 3. Norfolk Southern indicated it intends to oppose Ohio's request for a stay. Both parties are willing to have further discussions about an extended briefing schedule subject to the Court's approval.

Because briefing on *Daubert* arguments is unnecessary and premature at this stage in litigation, Ohio asks this Court to stay briefing on those motions until the Court has ruled on all dispositive motions.

2

## I.      Procedural history

Following the derailment of Train 32N in East Palestine, Ohio, and the subsequent discharge of hazardous and other wastes, the State of Ohio filed this lawsuit in March of 2023. The lawsuit proceeded through fact and expert discovery, which closed at the end of July 2025.

On August 29, 2025, Norfolk Southern filed six *Daubert* motions, seeking to exclude the testimony of all but one of the State's expert witnesses. The State's responses to those motions are currently due September 12, 2025; replies would then be due September 19, 2025. In addition to the *Daubert* motions, Norfolk Southern filed a motion for partial summary judgment. The State's response to that motion is due September 29, 2025. The deadline for dispositive motions is September 30, 2025. A trial date has not been set.

## II.     Argument

The Supreme Court's decision in *Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) "instructed district courts to function as gatekeepers, to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 506 (5th Cir. 1999). As the Sixth Circuit has recognized, "[t]he 'gatekeeper' doctrine . . . designed to protect juries . . . is largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004). "This is because 'there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion in a bench trial.'" *ASK Chems., LLC v. Novis Work, LLC*, No. 5:19-cv-01585-BYP, 2020 U.S. Dist. LEXIS 219610, at *3 n.1 (N.D. Ohio Apr. 20, 2020) (quoting *Fed. Trade Comm'n v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014)). The same logic applies just as equally at summary judgment, where a legal determination is made by a judge rather than a jury.

That might be reason enough to outright deny Norfolk Southern's *Daubert* motions as premature. Instead, Ohio is simply asking the Court to stay briefing on those motions until after the Court has ruled on any dispositive motions. The Court's ruling on dispositive motions may narrow the issues that remain for trial. For the remaining issues, the Court can schedule briefing and any necessary *Daubert* hearings as part of the normal pretrial case management. Moreover, the Court's own preferences indicate that "[p]arties are required to notify the Judge of possible *Daubert* challenges well in advance of trial." Without an established trial date, these challenges are premature.

The fact that the parties are engaged in briefing summary judgment underscores why a stay on Norfolk Southern's *Daubert* motions makes sense. Even if this Court were inclined to consider those arguments at this stage, there is no realistic possibility under the current briefing schedule of the parties briefing the *Daubert* motions (which, with exhibits, already run to more than 900 pages—before the State has even responded), the Court ruling on them, and the State submitting a motion for summary judgment shaped by that ruling. Staying briefing on these *Daubert* motions would allow the parties—and the Court—to focus time and resources on dispositive motion practice.

## III. Conclusion

Norfolk Southern has filed six *Daubert* motions to exclude all but one of Ohio's expert witnesses from testifying. But there is no reason to brief and resolve those motions now. Norfolk Southern's premature filings impose an additional burden on Ohio and the Court to address these issues simultaneously with dispositive motions. It would be much more efficient for the parties and the Court to postpone briefing and address all six *Daubert* motions after this Court has ruled on dispositive motions and we are closer to trial. For these reasons, Ohio asks the Court to stay briefing on Norfolk Southern's *Daubert* motions until 30 days after the Court rules on any dispositive motions (or another date that the Court may set).

Respectfully submitted,

DAVE YOST
OHIO ATTORNEY GENERAL

**s/ Amber Wootton Hertlein**

AMBER WOOTTON HERTLEIN (0083858)
KATHERINE A. WALKER (0093850)
NORA M. BATY (0102678)
CATHERINE A. ENGLISH (0096910)
IAN F. GAUNT (0097461)
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
Telephone: (614) 466-2766
Fax: (614) 644-1926
Amber.Hertlein@OhioAGO.gov
Katherine.Walker@OhioAGO.gov
Nora.Baty@OhioAGO.gov
Catherine.English@OhioAGO.gov
Ian.Gaunt@OhioAGO.gov


WILLIAM C. BECKER (0013476)
Assistant Attorney General
Court of Claims Defense Section
30 East Broad Street, 16th Floor
Columbus, OH 43215
Telephone: (614) 466-7447
Fax: (614) 644-7447
William.Becker@OhioAGO.gov

*Counsel for Plaintiff State of Ohio*

5

**Certificate of Service**

      This certifies that on September 3, 2025, I served State of Ohio's Motion to Stay *Daubert* Briefing by filing through the Court's CM/ECF system, which electronically notified all parties of record.

**s/ Amber Wootton Hertlein**
AMBER WOOTTON HERTLEIN

*Counsel for Plaintiff State of Ohio*
