IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STATE OF OHIO,** | : | **CASE NO.  4:23-CV-00517-JRA** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **JUDGE JOHN R. ADAMS** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **NORFOLK SOUTHERN** | : | |
| **CORPORATION, et al.,** | : | |
| | : | |
| Defendants. | : | |

**STATE OF OHIO'S OPPOSITION TO
MOTION FOR LEAVE TO INTERVENE**

The State of Ohio opposes the Proposed Intervenors' Motion for Leave to Intervene ("Motion" Dkt. No. 273), but not because it disagrees with the health concerns raised in the Motion. The long-term health effects from the derailment and resulting pollution are central to the relief Ohio seeks. Nor does Ohio take any position on whether the Proposed Intervenors' concerns may form the basis of some other action, filed or yet-to-be filed. And to the extent the Proposed Intervenors would like to comment on the Proposed Consent Decree, Ohio has no objection. Ohio opposes the Motion because this case is not the appropriate vehicle for the Proposed Intervenors to raise their concerns.

The main issue is timing. *See* Fed. R. Civ. P. 24 (a timely motion is required when intervention is sought, whether by right or by permission). Intervention is not timely here after nearly three years of litigation, after completion of fact and expert discovery, and after fully briefing dispositive motions. Further, the Motion is procedurally deficient; it lacks grounds for the

intervention and a companion pleading setting forth those grounds. Because the Motion for Leave to Intervene is untimely and procedurally flawed, this Court should deny it.

**I.    Proposed Intervenors' Motion is Not Timely.**

Parties seeking intervention of right or permissive intervention must first show that the intervention they seek is timely. Rule 24(a), which governs intervention of right, states, "On timely motion…." Fed. R. Civ. P. 24(a). Rule 24(b), which governs permissive intervention, also begins, "On timely motion…." Fed. R. Civ. P. 24(b)(1). Thus, even where intervention of right exists or permissive intervention is otherwise appropriate, the party who seeks to intervene still must do so *timely*. A timely motion has not been filed with this Court.

Courts consider the following factors in determining the timeliness of a motion to intervene: (1) the stage of the proceedings; (2) the purpose for which intervention is sought; (3) the length of time preceding the movant's application; (4) the prejudice to the original parties due to the movant's failure to promptly intervene; and (5) the existence of unusual circumstances in favor of or against intervention. *See Zeeb Holdings, LLC*, 338 F.R.D. at 376-77 (N.D. Ohio 2021) (*citing Davis v. Lifetime Cap., Inc.*, 560 F. App'x 477, 490 (6th Cir. 2014)). Here, all of these factors weigh against intervention.

**a.    The Proceedings in Ohio's Case are Far Along.**

Ohio and Norfolk Southern have spent the better part of the last eighteen months engaged in fact and expert discovery, motions practice, and summary judgment briefing. As both parties have conveyed to the Court in their regular status reports, millions of pages of documents were produced, 18 fact depositions were taken, reports of 15 experts were exchanged, and expert depositions were taken from coast to coast. After discovery, Ohio and Norfolk Southern both filed motions for partial summary judgment, which are fully briefed and pending before the Court.

Indeed, there are no dates remaining on the case management schedule. The only issues that remain are (1) the Court's summary judgment determination and other motions practice and (2) trial on remaining issues. An intervention at this late stage would delay the resolution of this case, and due to the voluminous discovery conducted, could delay it significantly.

b. **The Purpose of Intervention is Unclear.**

Aside from a passing reference to Ohio's Complaint, the Motion does not reference Ohio's case or distinguish it from the proposed settlement between the United States and Norfolk Southern. And while the Motion lists general topics of concern related to the proposed settlement and work completed at the derailment site, the claims are not apparent from the Motion, nor is there a proposed complaint that identifies any claims. The Motion contains no mention of the relief recommended by Ohio's experts or the health-based relief sought in Ohio's Motion for Partial Summary Judgment. *See* Ohio's Mot. Summ. J., Dkt. No. 255; Suh Rep., Dkt. No. 230-3; Ducatman Rep., Dkt. No. 231-3, Greer Rep., Dkt. No. 232-3; Jones Rep., Dkt. No. 233-3. In short, the Motion does not appear to seek anything other than an opportunity to comment on the resolution of the United States' case against Norfolk Southern, which is separate and distinct from Ohio's case. The State certainly does not oppose Proposed Intervenors' opportunity to comment on the United States' case. But without any articulated reason for intervention in Ohio's case, this factor weighs against granting the Motion.

c. **Too Much Time has Elapsed Between Ohio's Complaint and the Motion.**

Norfolk Southern's Train 32N derailed in East Palestine, Ohio on February 3, 2023. Ohio filed its complaint against Norfolk Southern approximately six weeks later on March 14, 2023. Dkt. No. 1. Counsel for Proposed Intervenors filed an independent suit against Norfolk Southern in the Franklin County Court of Common Pleas on January 31, 2025. *See Hickman v. Norfolk*

3

*Southern Railway Co.*, No. 25CV859 (Franklin Cnty. C.P.) (transferred to Columbiana Cnty. C.P, Sept. 4, 2025, No. 2025CV434). At least one Proposed Intervenor was listed as a Plaintiff in that case. And counsel for Proposed Intervenors recently filed two Motions for Relief from Judgment in the class action litigation pending in the Northern District—one on September 25, 2025 and another on September 29, 2025. *In re: East Palestine Train Derailment*, No. 4:23-CV-242 (N.D. Ohio), Dkt. Nos. 993, 994.

The Motion does not explain the basis for delay in seeking intervention when Ohio's case has been pending for nearly three years, and months have passed since the activity in the other cases. This factor weighs against intervention as well.

### d. Ohio Would be Prejudiced if Intervention is Granted.

Ohio and Norfolk Southern have dedicated significant time to discovery and motion practice in this case including summary judgment motions pending before the Court. Re-opening discovery would result in significant delays, redundant costs, and additional motion practice. The delay caused by an intervention at this late stage would prejudice Ohio.

### e. There are No Unusual Circumstances Related to Intervention.

The Motion has not identified any unusual circumstances that weigh in favor of permitting intervention. Nor can it. In fact, Ohio's expert opinions align substantively with the thrust of the Motion's argument: that it is simply too early to say with any certainty what the long-term effects of the derailment will be. That is why Ohio's health-related relief must not be delayed. This factor weighs against intervention.

## II. The Motion for Leave to Intervene is Procedurally Deficient.

A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

4

The Motion does neither. While the Motion contains several grievances and allegations against Norfolk Southern and the United States, it stops short of stating the claims Proposed Intervenors seek to bring.

The Motion also appears to conflate the State of Ohio and the United States. The Motion incorrectly states that Ohio's Complaint was amended to add the United States as a plaintiff. Motion 5. While the cases were consolidated, the complaints were separate, containing different counts, seeking different relief, and the parties are currently in different procedural postures. The United States and Norfolk Southern have lodged a Proposed Consent Decree with the Court, while Ohio and Norfolk Southern have continued to litigate Ohio's case. And the Motion says little about Ohio's case or the relief Ohio seeks, so it is unclear exactly what claims Proposed Intervenors would raise as to Ohio's case.

Further, the Motion did not attach a proposed Complaint in Intervention that sets out any claims. Because the Motion does not comply with Rule 24(c) or provide any information about the reasons for which intervention is sought, the Court should deny the request.

### III. Ohio Adequately Represents the Interests of its Citizens including Residents of East Palestine.

While it is clear that the Motion is untimely, Ohio separately addresses the claims that it does not adequately represent the interests of Proposed Intervenors in this case. Ohio's Complaint includes several common law counts brought under the Attorney General's inherent *parens patriae* authority to safeguard the health, safety, and welfare of its residents. *See, e.g., Georgia v. Tenn. Copper Co.*, 206 U.S. 230 (1907); Complaint ¶¶ 514–543, Dkt. No. 1. In its *parens patriae* capacity, "the State may sue to protect its interest in the health and well-being – both physical and economic – of its residents." *State ex rel. Yost v. E. I. Du Pont De Nemours & Co.*, 2025-Ohio-4521, ¶ 32, FN 5 (4th Dist.) (noting "*parens patriae*" literally means "parent of the county" and

traditionally refers to the role of the state as "sovereign and guardian of persons"). The State seeks relief to address the injury to the public at large, caused by Norfolk Southern. *Id.; see also Tennessee Copper Co.*, 206 U.S. at 237 (same); *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 604 (1982) (recognizing parens patriae standing in cases of public nuisance where "the injury to the public health and comfort was graphic and direct").

It is this authority that allows Ohio to seek health-related relief, such as a medical screening program and long-term care for first responders and residents of East Palestine. *See* Suh Rep, Dkt. No. 230-3 (East Palestine residents are at increased risk for health effects due to the chemical exposures from the derailment); Ducatman Rep., Dkt. No. 231-3 (chemicals released in East Palestine are known to cause genetic damage and other health effects, and long-term studies and treatment are appropriate); Greer Rep., Dkt. No. 232-3 (medical surveillance program is essential to manage long-term health consequences); Jones Rep., Dkt. No. 233-3 (continued health monitoring and communication is necessary).

Because the Motion seems to have merged or conflated Ohio and United States for purposes of their Motion, it fails to address the specific, long-term relief that Ohio seeks on behalf of all Ohioans. And the Motion has not addressed why that relief is insufficient or why that relief is not adequately protective. Instead, the Motion makes broad assertions about "institutional interests" and questions Ohio's motivation without pointing to any evidence or information specific to Ohio. Motion 26.

To be clear, the State is not asserting that this case blocks the Proposed Intervenors from bringing their concerns as claims against Norfolk Southern in some other action. But such claims have nothing to do with Ohio's adequate representation of the Proposed Intervenors' interest in this case. Thus, the Court should deny the Motion to Intervene.

### IV. CERCLA and The Clean Water Act Require Timely Motions to Intervene.

The Motion claims an unfettered right to intervene in this case under CERCLA (42 U.S.C. § 9601 et seq.) and the Clean Water Act (33 U.S.C. § 1251 et seq.). While these laws may confer upon individuals a defined right to intervene in some cases, Rule 24 requires that those motions be timely. For the reasons in Section I. above, the Motion is not timely. Therefore, Rule 24 denies intervention now. This Court thus need not evaluate the merits of the claimed intervention as of right under CERCLA and the Clean Water Act. Accordingly, Ohio takes no position on the merits.

### V. Conclusion

For all of these reasons, Ohio requests that the Court deny the Motion for Leave to Intervene.

Respectfully submitted,

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

**s/ Amber Wootton Hertlein**
**AMBER WOOTTON HERTLEIN (0083858)**
**KATHERINE A. WALKER (0093850)**
**NORA M. BATY (0102678)**
**CATHERINE A. ENGLISH (0096910)**
**IAN F. GAUNT (0097461)**
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
Telephone: (614) 466-2766
Fax: (614) 644-1926
Amber.Hertlein@OhioAGO.gov
Katherine.Walker@OhioAGO.gov
Nora.Baty@OhioAGO.gov
Catherine.English@OhioAGO.gov
Ian.Gaunt@OhioAGO.gov

**WILLIAM C. BECKER (0013476)**
Assistant Attorney General

        Court of Claims Defense Section
        30 East Broad Street, 16th Floor
        Columbus, OH 43215
        Telephone: (614) 466-7447
        Fax: (614) 644-7447
        William.Becker@OhioAGO.gov

*Counsel for Plaintiff. the State of Ohio*

**CERTIFICATE OF SERVICE**

This certifies that on December 15, 2025, I served the State of Ohio's Opposition to Motion for Leave to Intervene by filing through the Court's CM/ECF system, which electronically notified all parties of record.

                                           **s/ Amber Wootton Hertlein**
                                           **AMBER WOOTTON HERTLEIN**

                                           *Counsel for Plaintiff, the State of Ohio*